### Gid. E. Newman v. Greeley State Bank.

1. SERVICE OF PROCESS—*Officer's Return Prima Facie Evidence Only.* —The return of an officer upon a summons of his service, is *prima facie* evidence only of the service, and such return may be contradicted or overcome by competent evidence to the contrary.

2. SAME—*Judgments by Default in Foreign Courts.*—A certified transcript of the judgment record of a Nebraska court showed that the judgment there was obtained by default, and that the court obtained jurisdiction of the defendant by reason of a summons upon which the return of service of the officer is as follows : "I received this writ and on July 31, 1895, I served it by leaving a certified copy of this writ and indorsements thereon at the usual place of residence of the said G. E. N., defendant, in Douglas county, Nebraska." In the deposition of the officer, which was read at the trial in the court below, he testi-

fied that he served the summons in question "at the usual place of residence," as he supposed. It appeared from other evidence introduced on the trial that the defendant did not reside at the place named in the return, but at another and different place. It was held that under the statute of Nebraska, requiring that the service of summons shall be by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence, the service was not sufficient to give the court jurisdiction.

3.   FOREIGN JUDGMENTS—*Force and Effect to be Given in this State.* —Where a suit is brought in this State upon a judgment rendered in another State, such judgment will be given the same force and effect here as it has in the State where rendered.

**Debt,** on a Foreign Judgment.—Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed January 15, 1901.

BANGS, WOOD & BANGS and SAMUEL COHEN, attorneys for plaintiff in error.

GEO. WILLARD and SIDNEY B. SMITH, attorneys for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action in debt upon a judgment rendered by the County Court of Douglas County, Nebraska.

A certified copy or transcript of the judgment record of the Nebraska court, introduced in evidence, shows that the judgment there was obtained by default. It also appears therefrom that the court there obtained jurisdiction over the defendant, by reason of a summons, upon which the return of the officer is as follows: "I received this writ, and on July 31, 1895, I served it by leaving a certified copy of this writ and indorsements thereon at the usual place of residence of Gid. E. Newman, defendant, in Douglas county, Nebraska." The deposition of the officer was read at the trial in the court below. He testified that he served the summons in question "at the usual place of residence, as I understood it, of Gid. E. Newman, at the corner of Seventeenth and Dodge, No. 1703 Dodge street," in Omaha. He further says, "I served it, as I supposed, at the usual

place of residence," etc. It appears, however, from undisputed testimony, introduced in behalf of plaintiff in error, that the latter did not then reside at 1703 Dodge street, but his usual place of residence at that time was at the corner of Twenty-second and Davenport streets. The Nebraska statute, which by stipulation was put in evidence, provides as follows: "The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence, at any time before the return day."

It is contended by counsel for plaintiff in error that the Nebraska court had no jurisdiction to render the judgment; that the evidence sufficiently disproves the officer's return, and shows that service was not had in accordance with the requirements of the Nebraska statute at Newman's usual place of residence, and that he had no legal notice of the pendency of the suit. In this we are compelled to concur. The return of the officer is only *prima facie* evidence of service as required by the statute. On the other hand his testimony shows, not that the copy was left at Newman's usual place of residence, but at what the officer supposed to be such; and there is direct testimony, not contradicted, that Newman's usual place of residence was elsewhere. Such evidence has been held admissible. In Bimelar v. Dawson, 4 Scammon, 536, the record showed service on one of the defendants in Ohio by leaving a copy of the summons at his residence, and there was a judgment by default. It was held (p. 543) that the record was not conclusive but only *prima facie* evidence of jurisdiction of the Ohio court, and that the defendant could show "that by the laws of that State the mode of service did not give the court jurisdiction of his person." In Baker v. Palmer, 83 Ill. 568 (574), it is in effect said that a defendant may show " that the foreign court had no jurisdiction of the subject-matter or of the defendant." In Zepp v. Hager, 70 Ill. 224, it was held that the defendant was, strictly speaking, entitled to have the evidence heard to prove that he was not in any way served with process, but that as the *record showed personal*

*service*, such evidence could not overcome its recital of facts. The present record contains no such recital. In Hull v. Webb, 78 Ill. App. 617, the New York court had found and so recited in the transcript of record sued on, that there was " due proof of the service of the summons and complaint in the action upon the defendant Charles A. Hull, personally." This was properly held conclusive in the courts of this State. But the record before us contains no such finding. We regard the evidence offered to show that there was no service giving the Nebraska court jurisdiction, as properly admitted.

Under the state of facts thus appearing, must the judgment of the Nebraska court be deemed conclusive, nevertheless, against the plaintiff in error ? If it is so in the State where it is rendered, then by virtue of (Art. 4, Sec. 1) the Constitution of the United States, it is conclusive also in Illinois. By that constitution the records and judicial proceedings of any State, when properly authenticated, are required to be given such faith and credit " in every court within the United States, as they have by law or usage in the courts of the State from which they are taken." Hence, as it is said in Dow v. Blake, 148 Ill., on p. 84 :

" Where suit is brought in this State, upon a judgment rendered in another State, such judgment will here be given the same force and effect as it has in the State where rendered."

In ascertaining the faith and credit which the record sued upon in the present case would have collaterally in the courts of Nebraska, from which State it comes, we may properly be guided by the opinion of the Supreme Court of that State. In the case of Campbell Printing Press & Mfg. Co. v. Marder, 50 Nebraska, 283, is found the latest expression of that court upon the subject, to which our attention has been called. It is there held (p. 287) to be " the established law of this State, that extrinsic evidence is admissible in a collateral proceeding for the purpose of impeaching an officer's return." A distinction is drawn by that court between a mere irregularity in the manner of service, and

"a total want of service, which renders the judgment void, and as illustrations of cases where there is a total want of service, there is mentioned service by delivering a copy to a third person, not a resident of the house of defendant's abode, and service upon a stranger, although he is the authorized agent of the defendant." The evidence in the case at bar tends to show a total want of service, as defined in the foregoing language of the Supreme Court of Nebraska. The return of the officer is expressly contradicted by the testimony, including his own, and the County Court of Douglas County, Nebraska, having acquired no jurisdiction to render the judgment upon which this suit is brought, such judgment is not conclusive in that State nor in this.

It is contended by counsel for defendant in error that it was incumbent on plaintiff in error to show that he had no notice or knowledge of the pendency of that suit. In this we can not concur. Knowledge of the pendency of a suit has never, so far as we are advised, been deemed equivalent to service of summons. If there had been proof that an attempt at service had actually reached the plaintiff in error, although irregularly, jurisdiction would, according to the opinion of the Nebraska Supreme Court last referred to, attach. "But where the attempted service does not reach the defendant at all, there is no service and the proceedings are void." (Campbell Printing Press v. Marder, *supra*.) The evidence here tends to prove, not merely that the summons was not left at Newman's residence, as in Enewold v. Olsen, 39 Neb. 59, referred to by counsel for defendant in error, but shows affirmatively that it was in fact left at another place. It can not be necessary, under such circumstances, for plaintiff in error to go further and prove that neither he nor any member of his family had notice of the action. Such proof can only be called for when there is some pretense, at least, that the summons was left at his residence. Here there is none.

It may be on another trial defendant in error may be able to make proof of facts tending to show jurisdiction in the

County Court of Douglas County, Nebraska, to render the judgment. But as the case is now presented, the judgment of the Superior Court must be reversed and the cause remanded.