Syd Romain, Appellee, v. Peter S. Lambros and Ariadne P. Lambros, et al., Appellants.

Gen. No. 46,865.

First District, Third Division.
November 7, 1956.
Rehearing denied November 28, 1956.
Released for publication December 28, 1956.

A. J. Refakes, George J. Murges, and Theodore P. Lambros, all of Chicago, for defendants-appellants.

Ned Langer and Sheldon Belofsky, both of Chicago, for appellee.

JUDGE LEWE delivered the opinion of the court.
Defendants appeal from an order denying their motion to set aside a default decree entered in a strict foreclosure proceeding. They appealed directly to the

Supreme Court which transferred the cause to this court. (7 Ill.2d 206.)

A special appearance was filed by defendants challenging the jurisdiction of the court over defendants on the ground that plaintiff did not meet the requirements of the statutes relating to service by publication. The issues formed by defendants' motion were determined by the trial court on the pleadings and the facts as alleged in affidavits attached thereto.

Defendants' major contention is that plaintiff's counsel failed to comply with the provisions of sections 14 and 29 of the Civil Practice Act [Ill. Rev. Stats. 1955, ch. 110, §§ 14, 29] which require "due" and "diligent" inquiry be made to ascertain the residence of defendant Peter S. Lambros, deceased, the names of his heirs and their residences.

The essential facts as alleged in defendants' affidavits are these. April 5, 1947, Peter S. Lambros, the owner of the property involved in the foreclosure proceeding, died intestate. At the time of his death, he resided at 1440 West Jarvis Avenue, in the City of Chicago, Illinois, as shown in the files of the Bureau of Vital Statistics in the Office of the County Clerk of Cook County at 130 North Wells Street, Chicago. He was survived by his wife Ariadne P. Lambros and four children.

At the time of the death of Peter S. Lambros and on October 16, 1952, when the complaint was filed in the foreclosure suit, Ariadne P. Lambros, the wife of the deceased, also resided at 1440 West Jarvis Avenue, Chicago. All of the children of the deceased were nonresidents of Illinois, except S. Peter Lambros who resided at 5432 West Ferdinand Street, Chicago. The estate of the deceased was not probated.

Ariadne P. Lambros was named in the complaint as a party defendant, but the children of the deceased were made parties as "Unknown Owners." Simultane-

65

ously with the filing of the complaint, plaintiff's attorney filed an affidavit of nonresidence of the Lambros' and "unknown owners" defendants who allegedly on due inquiry could not be found so that process could not be served on any of them; that upon a diligent inquiry their places of residence could not be ascertained; and that the last known places of residence of Peter S. Lambros and Ariadne Lambros, his wife, was 130 North Wells Street, Chicago.

Plaintiff also filed an affidavit of "unknown owners" asserting among other things that Peter S. Lambros and Ariadne Lambros and "unknown owners," if living, were interested in the action or claimed to have some right, title or interest or lien in, or to some part of the property which was being foreclosed; that it was unknown to plaintiff or his attorney if the named defendants be living or dead; and that the names of such persons who might be their heirs or devisees were also unknown to plaintiff and to plaintiff's attorney after due and diligent search having been made; and that all such persons were therefore made parties defendant to this cause by the name and description of "unknown owners."

October 22, 1952, the clerk of the court filed his certificate of mailing of notices to Peter S. and Ariadne Lambros at 130 North Wells Street. October 24, the returned envelopes were filed by him bearing a notation that the addressees were not at that address.

October 27, "Directions to Sheriff" were filed by plaintiff's counsel directing service on Peter S. Lambros and Ariadne Lambros at 130 North Wells Street. The sheriff's return shows Peter S. Lambros was not found at the last known address. Attached to the summons was a note stating he was "deceased." The sheriff's return on Ariadne Lambros was also marked "not there."

November 1, 1952, a certificate of publication as to Peter S. and Ariadne Lambros, unknown owners, et al. was filed, and an order of default was entered November 28, 1952. Subsequently, the cause was heard on the complaint and "the sworn testimony of Ned Langer, attorney for an agent of plaintiff, proofs and exhibits received therein." February 9, 1953, the decree here sought to be set aside was entered and the master in chancery ordered to execute a deed to plaintiff unless redemption was made in 90 days. No redemption having been made, the property in question was conveyed to plaintiff. Later, plaintiff conveyed it to a third person who plaintiff alleges was a bona fide purchaser for value.

The trial court found that the plaintiff's affidavits were not false, as alleged by defendants, and that the service by publication was in accord with the statute.

Several suggestions in the affidavits attached to defendants' motion indicate the means by which plaintiff's attorney could have ascertained all the facts with respect to the residence of Peter S. Lambros, his death, the names of his heirs and their residences.

In their affidavits defendants state that an examination of the records of the Bureau of Vital Statistics would have disclosed that Peter S. Lambros died in 1947, about five years before the foreclosure proceedings were instituted; that the last address of the deceased was 1440 West Jarvis Avenue, Chicago; and that Ariadne Lambros resided at that address. Other potential sources of information suggested by defendants were the Chicago Telephone Directory, where Ariadne Lambros was listed as "Lambros Mrs. P. S." and the decedent's son was listed as "Lambros S. Peter," and the voters registration lists. In his argument, plaintiff's counsel advanced reasons which he claimed justified his failure to examine the records of

the Bureau of Vital Statistics, the Chicago Telephone Directory and the voters registration lists.

We shall not discuss these reasons since we think it is unnecessary to consider them in reaching our conclusion.

During the course of the oral argument in this court, plaintiff's counsel admitted that he knew 130 North Wells Street, Chicago, was an office building and therefore was not the last known residence of Peter S. Lambros. Plaintiff's counsel also conceded that no inquiry was made at the office of the building or its renting agent for the purpose of ascertaining the residence of Lambros. Nor was any inquiry made of the deputy sheriff as to the source of his information that Peter S. Lambros was deceased.

In Graham v. O'Connor, 350 Ill. 36 at pages 40–41, the Court said:

"The phrases 'due inquiry' and 'diligent inquiry' in that statute are not intended as useless phrases but are put there for a purpose. Those two phrases have a well understood meaning that cannot be reconciled with the taking of a chance or guessing that the names and addresses of unknown parties can not be ascertained. A perfunctory inquiry does not comply with the provisions of the statute. An honest and well directed effort must be made to ascertain the names and addresses of unknown parties. The inquiry must be as full as the circumstances of the particular situation will permit."

(To the same effect, see Callner v. Greenberg, 376 Ill. 212; Robbins v. Salvin, 292 Ill. App. 479.)

Under the circumstances shown in the instant case, can it be said that there was an honest and well directed effort by plaintiff to ascertain the names and addresses of Peter S. Lambros and his heirs? We think not. It seems to us that the notation made by

68

the deputy sheriff put plaintiff on notice that Lambros might have died and was sufficient to require further inquiry on plaintiff's part of the deputy sheriff or sources of information, if any, that the deputy might have had. This apparent lack of diligent inquiry coupled with the statement in plaintiff's affidavit relating to the alleged last known residence of Peter S. Lambros resulted in the entry of a decree against a dead man.

Plaintiff insists that the trial court's findings are presumptively correct in the absence of a record to show the evidentiary basis for the findings. Here there is nothing in the record to indicate that the court heard evidence. The court's order denying defendants' motion to vacate the foreclosure decree merely recited that "arguments of Counsel" were heard and that the court was "now in all respects advised in the premises." Since the facts appearing in the affidavits of the parties were not in dispute, the sole question presented to the trial court was purely one of law concerning sufficiency of process.

In our opinion, the defendants are entitled to their day in court, and for the reasons stated, the decree is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

FEINBERG, P. J. and KILEY, J., concur.