65 Ill. App.3d 903 (1978)
382 N.E.2d 1292
In re T.B., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee,
v.
T.B., Respondent-Appellant.)
No. 77-472.
Illinois Appellate Court  Third District.
Opinion filed November 21, 1978.
Robert Agostinelli and Peter Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.
Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.
Reversed and remanded.
Mr. JUSTICE ALLOY delivered the opinion of the court:
T.B., respondent-minor, appeals from his adjudication as a delinquent and from his commitment, following a dispositional hearing, to the Department of Corrections. The respondent was alleged a delinquent in a proceeding in Rock Island County and was adjudged a ward of the court and, thereafter, following a dispositional hearing, was ordered committed to the Juvenile Division of the Department of Corrections.
On appeal in this court, the respondent, T.B., contends (1) that notice which was to be given to respondent's mother was fatally defective because no copy thereof was mailed to her last known address at the time of the attempted notice by publication; (2) that the attempted service by publication on respondent's mother violated due process of law because there was, in fact, no diligent inquiry made to find the address of the mother; and (3) that the commitment of respondent, T.B., to the Department of Corrections, Juvenile Division, was improper because it was based upon a social investigation report more than 60 days old.
*904 It appears from the record that on June 2, 1977, a petition was filed seeking the adjudication of respondent, T.B., a 15-year-old, as a ward of the court for the reason that he was delinquent in that he committed the offense of criminal trespass to a motor vehicle. On July 26, 1977, respondent was ordered detained in the juvenile section of the Rock Island County Jail pending the adjudicatory hearing in order to prevent his departure from the jurisdiction of the court. A supplemental petition to have respondent adjudged a ward of the court was filed on August 18, 1977, alleging that while respondent was in detention, respondent committed the offense of deviate sexual assault. The supplemental petition was based on respondent's confession made to the Rock Island County sheriff on August 17, 1977. In the statement made by respondent, he informed the sheriff that his mother had left his father and that she had moved to Arizona. Respondent's father resided in Peru, Illinois.
On August 19, 1977, a summons as to the adjudicatory hearing to be held on August 30, 1977, was sent by certified mail to respondent's mother at the old home address in the city of Peru. The summons was returned with the postal stamp "Moved. Left no Address." On August 25, 1977, pursuant to an affidavit, the clerk of the Rock Island Circuit Court issued a notice by publication to the mother of respondent, to the effect that an adjudicatory hearing had been scheduled for September 14, 1977. (It is not shown in the briefs whether the father of respondent had notice or appeared at the adjudicatory hearing.)
At the hearing on September 14, 1977, respondent was adjudicated a delinquent minor. Immediately thereafter, a dispositional hearing was held. Evidence presented at that hearing revealed that respondent's mother had moved to Arizona and that respondent's father was a long-time alcoholic and, as a result, had little interest in his family. Also, a social investigation report, which was prepared by the Department of Children and Family Services, and was more than a year old, was introduced in evidence. The court ordered respondent committed to the Department of Corrections, as we have noted.
The Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, pars. 701-1 to 708-4) requires that parents of a juvenile against whom a petition of delinquency is filed, be issued a summons by the clerk of the court requiring the parents to appear and answer the petition on the date set for the adjudicatory hearing. (Ill. Rev. Stat. 1977, ch. 37, par. 704-4.) In the instant case, the clerk of the court attempted to serve respondent's mother with a summons by sending it to her former Peru, Illinois, address by certified mail. Four days after it was sent, the summons was returned, marked "Moved. Left no Address." Two days later, the clerk issued the notice by publication, to respondent's mother, in the Rock Island Argus newspaper, circulated in Rock Island. The clerk however, failed to send a *905 copy of the notice to respondent's mother's last known address at the time the notice by publication was made. (See Ill. Rev. Stat. 1977, ch. 37, par. 704-4(3), which requires mailing of notice.) Respondent contends, as a result of this violation and the failure of the petitioner or the clerk of the court to exercise due diligence to ascertain the address of the mother, that the juvenile court, therefore, lacked jurisdiction and that its orders are void. See People ex rel. McEntee v. Lynch (1906), 223 Ill. 346, 79 N.E. 70, where no attempt was made to notify the mother, and People v. McDonald (3d Dist. 1922), 225 Ill. App. 447, where no attempt, also, was made to notify the mother.
Respondent contends, in the instant case, that the publication notice and procedures employed were constitutionally defective. In support of this contention, respondent cites the landmark case of In re Gault (1967), 387 U.S. 1, 33, 18 L.Ed.2d 527, 549, 87 S.Ct. 1428, 1446. In the Gault decision, the Supreme Court stated that in juvenile proceedings, due process requires that:
"the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation." (Emphasis added.) (Gault, 387 U.S. 1, 33, 18 L.Ed.2d 527, 549, 87 S.Ct. 1428, 1446.)
The Gault court also stated:
"Due process of law requires notice * * * which would be deemed constitutionally adequate in a civil or criminal proceeding." (Gault, 387 U.S. 1, 33, 18 L.Ed.2d 527, 549, 87 S.Ct. 1428, 1446-47.)
In support of respondent's contentions, respondent cites Bell Federal Savings & Loan Association v. Horton (5th Dist. 1978), 59 Ill. App.3d 923, 376 N.E.2d 1029, where the court determined that a diligent inquiry must be made before service by publication is utilized and that the diligent inquiry should be one as full as circumstances will permit and be more than perfunctory. The court in the Horton case indicated that the "diligent inquiry" contemplated by the statute would require a defendant to make inquiries of neighbors and others who would probably be informed as to where a party might be found and to pursue any leads thus obtained before it would truly make an affidavit required which would recite "that upon diligent inquiry her place of residence could not be ascertained." In the instant case, the affidavit stated that the place of residence was unknown, even though a statement had been made by the respondent that his mother had gone to Arizona. The Horton court had also indicated that something more than want of knowledge and lack of information concerning a person's whereabouts should be shown. The court stated *906 that "`[d]ue inquiry' and `diligent inquiry' are words of established legal significance. These two phrases have a well understood meaning that cannot be reconciled with the taking of a chance or guessing. (Graham v. O'Connor (1932), 350 Ill. 36, 41.)" Horton, 59 Ill. App.3d 923, 927.
It is apparent that the State, in the instant case, should have made at least an inquiry among the mother's former neighbors or of the father, if he was available, to determine the whereabouts of the mother. On the basis of the record, we must conclude that the State did not exercise due diligence in trying to find the address of respondent's mother and that it failed, in this case, to give the mother proper notice in violation of the due process requirement referred to in Gault. As a result, we agree with the contention of the respondent that the trial court lacked jurisdiction in the adjudicatory and dispositional hearings and that the orders are, therefore, reversed and this cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.
We recognize that the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 704-4) governs the publication in a case of the type under consideration. We also are conscious of the fact that the paragraph does not require any particular showing by affidavit when service is made by publication. Nevertheless, the United States Supreme Court mandated in Gault that "the child and his parents or guardian" be notified and that due process of law requires notice which would be deemed constitutionally adequate in a civil or criminal proceeding. We cannot permit emasculation of all requirements which might be rationally imposed as to service upon the parent of the child alleged to be delinquent and that a minimum reasonable effort to ascertain the address of the mother in the instant case was required.
We do not believe it is necessary to discuss the requirement of the social investigation report being more current than the report used in the instant case, since upon remandment, a current social investigation report will be required to be presented at other adjudicatory and consequent dispositional hearings, if conducted as to respondent in this case.
For the reasons stated, therefore, we reverse the order of adjudication of delinquency and the dispositional order committing respondent to the Juvenile Division of the Department of Corrections and remand this cause to the Circuit Court of Rock Island County for further proceedings not inconsistent with the views expressed in this opinion.
Reversed and remanded.
SCOTT, P.J., and STOUDER, J., concur.