Rule 23 order filed
June 10, 2015;
Motion to publish granted
July 24, 2015.

2015 IL App (5th) 140100

NO. 5-14-0100

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc., | ) ) ) ) | Appeal from the Circuit Court of Clinton County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06-CH-55 |
| EBBIE COLSTON and ROBIN COLSTON, | ) ) | Honorable William J. Becker, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justices Stewart and Schwarm concurred in the judgment and opinion.

**OPINION**

¶ 1    The instant case involves a default judgment entered in favor of plaintiff, U.S. Bank Trust, N.A., against defendants, Ebbie Colston and Robin Colston, on plaintiff's complaint to foreclose mortgage.   The original plaintiff was Household Finance Corporation III, but after judgment was entered, the subject loan was transferred to U.S. Bank Trust, N.A., as trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc.   This court granted a motion to substitute plaintiff, which was filed contemporaneously with plaintiff's brief.  Defendants appeal from an order of the circuit

1

court of Clinton County denying their petition to vacate judgment under section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)). We affirm.

¶ 2                                          BACKGROUND

¶ 3    Defendants obtained a loan from plaintiff on September 28, 2000, which was secured by a mortgage. The mortgage contained a property description that did not include a house. However, a September 17, 2000, appraisal of the property that was to be secured by the mortgage lists the property as a "1 ½" story house with a "detached" garage that sits on "5 acres." On January 29, 2006, defendants obtained a separate parcel of property near the property they mortgaged in 2000. This parcel of land contained a house. On August 26, 2006, the original plaintiff, Household Finance Corporation III, filed a complaint to foreclose mortgage. The complaint listed a legal description of the property and a tax parcel number, as well as a common description of the property, which was "10120 State Rt. 161 Bartelso, IL 62218." On November 8, 2006, a default judgment was entered against defendants.

¶ 4    On August 31, 2007, defendants filed a motion to continue sale date in which they alleged that they and their son and his fiancée lived at the property in question. On September 4, 2007, defendants filed a suggestion of bankruptcy and argued the automatic stay prevented further proceedings in the case. Defendants attached their notice of bankruptcy filing, which listed their address as "10120 State Rt. 161 Bartelso, IL 62218." On June 30, 2009, defendants filed a petition to vacate judgment in which they claimed

2

they were never served and lived in Florida during the time of service. On December 21, 2009, the petition to vacate was granted.

¶ 5 On August 11, 2010, defendants' bankruptcy was dismissed. Thereafter, the trial court granted plaintiff leave to file an amended complaint to add three reformation counts. On November 16, 2011, plaintiff filed an amended complaint to foreclose mortgage. Count II of the complaint alleged the note and mortgage executed in September 2000 intended to secure a single-family residence, not a vacant lot, and sought reformation of the subject mortgage to include the parcel meant to be encumbered. Count III sought an equitable lien, and count IV sought foreclosure of the equitable lien.

¶ 6 On February 2, 2012, the trial court granted plaintiff leave to file a second amended complaint to foreclose mortgage and to correct the default date and unpaid balance due allegations. On February 29, 2012, plaintiff filed an affidavit of service by publication. Publication service ran from March 7, 2012, to March 21, 2012. On June 12, 2012, plaintiff filed a motion for service by special order of the court in which plaintiff reported it was unable to serve defendants at the subject property, so it served defendants by publication. Defense counsel later provided plaintiff with defendants' purported home address, 1012 Beech Street, Highland, Illinois. Plaintiff was also unable to locate defendants at the Highland address.

¶ 7 On June 12, 2012, plaintiff filed a motion with the trial court, seeking leave to serve defendants by sending a copy of the complaint and summons via courier to defendants' attorney's office. On June 18, 2012, the trial court granted plaintiff leave to serve defendants through their attorney of record at his office.

3

¶ 8    On November 20, 2012, plaintiff filed a motion seeking to reform the mortgage to include the property acquired by defendants in 2006.  On November 26, 2012, a judgment for foreclosure and sale, default judgment, and an order reforming the subject mortgage were entered in plaintiff's favor.  The judgment for foreclosure and sale contained the language, "This is a final and appealable order and there is no just cause for delaying enforcement of this judgment or appeal therefrom."  Also, on November 26, 2012, plaintiff, through its attorney, Elaine Adams, filed an unverified affidavit with the trial court stating that defendants had been served by certified mail on September 7, 2012, and by publication on March 7, 2012.

¶ 9    On December 21, 2012, defendants filed a motion to vacate in which they claimed they were not personally served and they did not authorize their attorney to accept service on their behalf.  On January 30, 2013, plaintiff filed a response in which it argued that it utilized two methods of service: (1) publication, after attempting to serve defendants nine times at the subject property, and (2) via defendants' attorney after receiving leave of the court to do so.  Plaintiff also noted it attempted to serve defendants eight times at 1012 Beech Street, the address provided by defendants' attorney.  On February 25, 2013, defendants' motion to vacate was denied.

¶ 10    On April 15, 2013, the trial court continued the matter until July 29, 2013, after defendants represented they were in an active bankruptcy.  On July 29, 2013, the matter was continued until January 27, 2014.  On September 27, 2013, defendants filed the instant petition to vacate judgment pursuant to section 2-1401 of the Code.  In the

petition, defendants again asserted they were never served and also asserted the mortgage should not have been reformed.

¶ 11 On November 8, 2013, plaintiff filed a motion to dismiss defendants' petition, arguing it was a subsequent and repetitious postjudgment motion, defendants had, in fact, been served via two methods, publication and alternative service through their attorney, and the reformation challenge was without merit because defendants admitted on their bankruptcy schedules that the subject loan encumbered real property which included a multistory brick home and garage. On November 25, 2013, defendants filed a reply in which they claimed the prior petition to vacate was never actually filed, so the September 2013 petition was not a successive challenge. Defendants also argued plaintiff lacked standing to foreclose. On March 3, 2014, the trial court denied defendants' petition. Defendants now appeal.

¶ 12                                                                   ANALYSIS

¶ 13 The issue on appeal is whether the trial court erred in denying defendants' section 2-1401 petition to vacate judgment. We review a trial court's ruling on a section 2-1401 proceeding *de novo*. *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 12, 990 N.E.2d 764. Defendants argue the trial court erred in denying their petition to vacate because: (1) they were not legally served, (2) there was a scrivener's error in the original mortgage's property description, and plaintiff should not be allowed to foreclose on property not listed in the original mortgage, and (3) plaintiff lacked standing to bring this action. We are unconvinced by defendants' arguments.

5

¶ 14                              I. SERVICE

¶ 15    The purpose of service is twofold: (1) it gives notice to those whose rights are about to be affected by the plaintiff's action; and (2) it vests jurisdiction in the court over the person whose rights are to be affected by the litigation. *Bell Federal Savings & Loan Ass'n v. Horton*, 59 Ill. App. 3d 923, 926, 376 N.E.2d 1029, 1032 (1978). A defendant is entitled to receive the best possible notice of the pending litigation, and it is only when personal service fails that substituted or constructive service is permitted. *Horton*, 59 Ill. App. 3d at 927, 376 N.E.2d at 1032.

¶ 16    Section 2-206 of the Code governs service by publication and requires a party seeking service by publication to file an affidavit stating that the person to be served "on due inquiry cannot be found." 735 ILCS 5/2-206(a) (West 2010). Publication must then be made in a newspaper published in the county in which the action is pending. 735 ILCS 5/2-206(a) (West 2010). Within 10 days of the first publication of the notice, the clerk must send a copy of the publication by mail to each defendant whose place of residence is stated in the affidavit. 735 ILCS 5/2-206(a) (West 2010).

¶ 17    In the instant case, the process server filed an affidavit in which he asserted he used due diligence, but was unable to personally serve the defendants at 10120 State Route 161 in Bartelso after nine attempts as follows:

    "**NON-SERVICE** after due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s): Numerous attempts were made at this address. Notes were left at this residence and were removed,

this residence is clearly occupied. On attempt made on 12/8/11, when I pulled into the drive of the residence the front door was open and the living room area light was on. As I got out of my vehicle the front door closed and the lights went off. Knocked on all doors received no answer. The following vehicles were at the residence. Red BMW [I]llinois registration K882361. Green [F]ord Explorer [I]llinois registration A239797, Maroon [F]ord F150 [I]llinois registration 1026771, the [F]ord [F]150 was pulling a trailer with a motorcycle on it with [I]llinois registration AS2531, and a Red [F]ord [M]ustang with [I]llinois registration L145670. On attempt made on 12/11/11 as I pulled into the driveway I observed a white male in shorts, no shoes, and a tank top reaching inside the red BMW. I waved to the white male who waved back then he turned around and walked inside the residence and shut the door. When I knocked on the door he refused to answer."

The affidavit also noted that two of the cars described above were registered to defendant Ebbie Colston.

¶ 18 Publication ran from March 7, 2012, to March 21, 2012. Defense counsel later provided plaintiff with defendants' purported address in Highland, Illinois. Plaintiff unsuccessfully attempted to serve defendants at the Highland address eight times from March 16, 2012, until April 4, 2012, from as early as 11:17 a.m. to as late as 9:01 p.m. We agree with plaintiff that its subsequent search for defendants at an address provided by defense counsel shows that defendants could not have been found upon further inquiry and, thus, service by publication was proper.

¶ 19 Defendants assert, however, that because they were unable to find any evidence in the record of a certificate indicating that the clerk sent a copy of the publication to defendants, plaintiff did not strictly comply with section 2-206 of the Code, and the trial court lacked jurisdiction over defendants. We disagree.

¶ 20 First, we note that defendants failed to raise this argument below. Arguments not raised in the trial court are generally waived on appeal. *Illinois Tool Works, Inc. v. Independent Machine Corp.*, 345 Ill. App. 3d 645, 652-53, 802 N.E.2d 1228, 1234 (2003). Second, defendants waived their personal jurisdictional objections by participating in the case and failing to file a motion to quash within 60 days.

¶ 21 On August 12, 2011, our General Assembly enacted a new law for objecting to personal jurisdiction in the context of residential foreclosure proceedings. 735 ILCS 5/15-1505.6 (West 2012). It provides as follows:

"(a) In any residential foreclosure action, the deadline for filing a motion to dismiss the entire proceeding or to quash service of process that objects to the court's jurisdiction over the person, unless extended by the court for good cause shown, is 60 days after the earlier of these events: (i) the date that the moving party filed an appearance; or (ii) the date that the moving party participated in a hearing without filing an appearance.

(b) In any residential foreclosure action, if the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with

8

subsection (a), that party waives all objections to the court's jurisdiction over the party's person."  735 ILCS 5/15-1505.6 (West 2012).

Section 15-1505.6 applies retroactively.  *GreenPoint Mortgage Funding, Inc. v. Poniewozik*, 2014 IL App (1st) 132864, 23 N.E.3d 525.  Defendants assert that this section does not apply and that plaintiff's contention that it does is "farcical" and "nonsensical."  We disagree.

¶ 22    The record before us is replete with evidence that defendants knew about this case, participated in it, and made every attempt to dodge service.  For example, on August 31, 2007, defendants filed a motion to continue sale in the first proceeding.  They also filed a suggestion of bankruptcy, asking the proceedings be stayed, and they filed a petition to vacate judgment on June 30, 2009, which was granted.  On April 15, 2013, the case was continued until July 29, 2013, after defendants represented they were again in active bankruptcy.  Defendants also challenged plaintiff's standing below.

¶ 23    The egregious conduct on the part of defendants shows why section 15-1505.6 of the Code was enacted.  Defendants participated in the case and obtained relief from the circuit court on December 21, 2009.  Defendants were represented by an attorney in the matter and knew a mortgage foreclosure action was pending against them again. Nevertheless, defendants sought to challenge personal jurisdiction in their motions filed on December 21, 2012, and the instant motion filed on September 27, 2013.  We agree with plaintiff that challenges to personal jurisdiction three years after active participation in a case are precisely the type of motion practice section 15-1505.6 of the Code was

9

enacted to prevent. Accordingly, we find the trial court did not err in finding personal jurisdiction.

¶ 24                                    II. REFORMATION

¶ 25    Defendants' second argument is that the trial court improperly allowed reformation of the subject mortgage on the grounds of mutual mistake. Defendants assert the mortgage as issued in the year 2000 mortgaged property defendants actually owned in the year 2000, and the property plaintiff seeks to foreclose on was not even acquired by defendants until January 2006. Defendants insist what is before this court is not a mutual mistake or a scrivener's error, but a unilateral mistake on plaintiff's part. We disagree.

¶ 26    A written instrument is presumed to express the parties' intent and will not be reformed absent the evidence of mutual mistake or another ground for reformation. *Farmer City State Bank v. Guingrich*, 139 Ill. App. 3d 416, 427, 487 N.E.2d 758, 765 (1985). The party seeking reformation must show the written instruments to be reformed do not reflect the parties' intended bargain because of the parties' mutual mistake. *Marengo Federal Savings & Loan Ass'n v. First National Bank of Woodstock*, 172 Ill. App. 3d 859, 863, 527 N.E.2d 121, 123 (1988). Reformation will be allowed where evidence is clear and convincing. *Marengo*, 172 Ill. App. 3d at 863, 527 N.E.2d at 124.

¶ 27    In the instant case, the original lender clearly botched the legal description of the property. However, an appraisal, dated September 17, 2000, shows the property defendants intended to purchase included a house with a detached garage on five acres. That it was defendants' intent to encumber five acres with a house through its original mortgage in 2000 is further substantiated by their bankruptcy schedules in which they

10

described the property as a two-story brick and vinyl home on five acres. Thus, we agree with the trial court that the legal description contained in the first mortgage was the result of the mutual mistake of the parties and find no error in the trial court's November 26, 2012, order reforming the subject mortgage.

¶ 28                                    III. STANDING

¶ 29    The final argument raised by defendants on appeal is that plaintiff lacked standing to foreclose on the subject mortgage. We disagree.

¶ 30    Standing is an affirmative defense, and, as such, the burden is on the defendant to prove the plaintiff does not have standing rather than the plaintiff's burden to prove it does have standing. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24, 2 N.E.3d 1052. A copy of the note attached to the complaint is *prima facie* evidence that the plaintiff owns the note. *Korzen*, 2013 IL App (1st) 130380, ¶ 24, 2 N.E.3d 1052. Additionally, section 2-407 of the Code specifically provides:

>      "No action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of necessary parties without first affording reasonable opportunity to add them as parties. New parties may be added and parties misjoined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require and on terms which the court may fix." 735 ILCS 5/2-407 (West 2012).

In the instant case, the note attached to the second amended complaint is *prima facie* evidence of standing, and the record shows the proper party was later substituted.

11

¶ 31    The note attached to both the first and second amended complaints contains an endorsement from the original lender, Household Finance Corporation III, stating: "Pay to the Order of WITHOUT RECOURSE HOUSEHOLD FINANCE CORPORATION III." On November 26, 2012, judgment of foreclosure and sale was entered in plaintiff's favor. Almost a year later, on November 19, 2013, the bankruptcy court was notified of a transfer of interest thereby showing that Household Finance Corporation III was the appropriate plaintiff initially. Thereafter, the subject loan was transferred to U.S. Bank Trust, N.A., and this court granted the motion to substitute U.S. Bank Trust, N.A., as plaintiff. Accordingly, plaintiff has standing.

¶ 32                          CONCLUSION

¶ 33    After careful consideration, we find defendants' appeal meritless. While we acknowledge the original lender could have simplified this matter by providing the proper legal description of the property, we nevertheless believe reformation was appropriate under the circumstances presented here. We also find that plaintiff has standing to bring this action. Finally, the record clearly shows defendants repeatedly dodged service and continue to make every attempt to delay resolution of this mortgage foreclosure case; however, their day of reckoning is fast approaching.

¶ 34    For the foregoing reasons, we find the trial court did not err in denying defendants' section 2-1401 petition to vacate judgment, and we hereby affirm the judgment of the circuit court of Clinton County.


¶ 35    Affirmed.

2015 IL App (5th) 140100

NO. 5-14-0100

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc., | ) ) ) | Appeal from the Circuit Court of Clinton County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 06-CH-55 |
| | ) | |
| EBBIE COLSTON and ROBIN COLSTON, | ) | Honorable |
| | ) | William J. Becker, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

**Rule 23 Order Filed:**       June 10, 2015
**Motion to Publish Granted:**  July 24, 2015
**Opinion Filed:**           July 24, 2015

_____

**Justices:**        Honorable Richard P. Goldenhersh, J.

                Honorable Bruce D. Stewart, J., and
                Honorable S. Gene Schwarm, J.,
                Concur

_____

**Attorney**        Thomas G. Maag, Maag Law Firm, LLC, 22 West Lorena Avenue,
**for**           Wood River, IL 62095
**Appellants**

_____

**Attorney**        Louis J. Manetti, Jr., Codilis & Associates, P.C., 15W030 North
**for**           Frontage Road, Suite 100, Burr Ridge, IL 60527
**Appellee**

_____