THE PEOPLE *ex rel.* Isabella McEntee

*v.*

ANDREW M. LYNCH *et al.*

*Opinion filed October 23, 1906.*

1. JUVENILE COURTS—*parents or guardian must have notice of proceeding.* Section 5 of the Juvenile Court act requires that the parents, legal guardian, or some near relative in case there are no parents or guardian, shall have reasonable notice of the hearing upon the question of committing a child as neglected, dependent or delinquent, in order that they may appear and be fully heard before they are deprived of the custody of the child.

2. SAME—*when habeas corpus will discharge child from House of Correction.* A writ of *habeas corpus* will be awarded to discharge a child from the House of Correction where it appears from the uncontradicted averments of the petition that the petitioner is the child's mother and is a fit person to have the custody of the child, and that she had no notice of the proceeding by which the child was committed to the House of Correction.

ORIGINAL petition for *habeas corpus.*

HARRY M. FISHER, for petitioner.

Mr. JUSTICE CARTER delivered the opinion of the court:

The petition in this case on which the original writ of *habeas corpus* was issued out of this court, shows that Elizabeth McEntee, daughter of the relatrix, is a minor of the age of fifteen years, and that she has been confined in the House of Shelter of the House of Correction in the city of Chicago, under the control of mother superior, superintendent of the House of Shelter, and A. M. Lynch, superintendent of the House of Correction, by virtue of a commitment under an act popularly known as the "Juvenile Court law," for the treatment and control of neglected, dependent and delinquent children.

The petition states that the relatrix is, and always has been, a fit and proper person to look after and care for her daughter, Elizabeth, with fit and reputable home surroundings. Among other things, the petition alleges that the proceedings under which Elizabeth was committed are void, because the petitioner, her mother, was not notified of the proceedings, as required by section 5 of the act in question. This section provides not only that a summons shall issue for the person having the custody or control of the child or with whom it may be, and served on such person at least twenty-four hours before such hearing, but that the parents of the child, or its legal guardian, or if there is neither or their residence is not known, some near relative, shall then be notified of the proceedings. We must assume that the mother is a fit and proper person to care for the child, and that she was not notified of these proceedings as is provided by the law. It is so stated in the petition and no denial of these allegations is made by either of the respondents. Section 5 of this act clearly intends that the parents should have a reasonable notice of proceedings such as these, so that they could appear and be fully heard before they were deprived of the care and custody of the child. Manifestly,

under this statute this hearing is not to be a mere perfunctory matter. While it may not be necessary to carry it on with all the formalities of an ordinary lawsuit, still the parents, and those who by nature are most deeply interested in the welfare of the child, must have ample opportunity to present all the facts. The home is the basis of our present civilization. The relations of parent and child are so important and sacred that they should not be interfered with or destroyed unless absolutely essential to the well being of society, and then only when the public authorities have been satisfied as to the necessity of such action after a full investigation and due notice to all interested parties. In the commitment of Elizabeth McEntee the record shows that the authorities not only failed to comply with the letter, but seemingly with the spirit, of the Juvenile Court law.

Many other grounds are set forth why the finding of the trial court is void, but they will not require discussion in view of what has been said on the question of notice. No proper legal notice having been served upon the relatrix, the mother and legal guardian of Elizabeth McEntee, on the hearing before the juvenile court, the order of that court must be held void.

The judgment of this court will be that the detention of said Elizabeth McEntee by the respondents, in their official capacity as superintendent of the House of Correction and superintendent of the House of Shelter of the House of Correction of the city of Chicago, is without sufficient warrant of law; that the relatrix is entitled to the custody of said Elizabeth, her daughter. Judgment will therefore be entered discharging the said Elizabeth McEntee from the custody of said respondents and awarding the custody of said Elizabeth McEntee to the said relatrix, according to the prayer of her petition.    *Discharged.*