*In re* C. G., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* C. G., Respondent-Appellant.)

Third District   No. 78-145

Opinion filed February 22, 1979.—Rehearing denied April 11, 1979.

Robert Agostinelli and Peter Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Gerry R. Arnold and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the respondent C. G., a minor, from orders of the circuit court of Will County which found him to be a delinquent and committed him to the Department of Corrections.

On appeal in this court the respondent C. G. contends that his adjudication of delinquency and subsequent commitment was void because the juvenile court lacked jurisdiction because his parents never received any notice of the proceedings.

On August 30, 1976, a petition was filed which prayed that the 16-year-old respondent be adjudicated delinquent and made a ward of the court because he had committed the offense of rape. The parents of the minor were listed in the petition as respondents and their address was set forth as "Central City, Kentucky." A report in the possession of a policeman who was the arresting officer contained the complete address of the minor's parents as well as their telephone number. At the time of the alleged offense by the minor respondent he was staying in Will County with his half-brother and this individual's wife. These individuals, the half-brother and his wife, had been requested to make proper notification to the parents of the minor respondent. From the record it is apparent that the wife of the half-brother had been granted temporary custody of the respondent during the pendency of the Will County proceedings. Documents on file with the clerk of the Will County circuit court disclose that the minor respondent was an escaped delinquent from the Kentucky Department for Human Resources which was seeking his return. It is further disclosed by the record that the minor's parents lacked custody of him since permanent custody was with the State of Kentucky.

After an adjudicatory hearing the minor respondent was found guilty of the offense of rape and adjudicated a delinquent. Thereafter the minor respondent was sentenced to the Department of Corrections.

On appeal in this court the respondent C. G. contends that his adjudication of delinquency and subsequent commitment were void because the juvenile court lacked jurisdiction since his parents never received any notice of the proceedings.

The State disagrees with this contention and first asserts that the parents of the minor respondent did not possess a legally cognizable

interest in him because in Illinois temporary custody was vested in a half-sister-in-law and permanent custody in the State of Kentucky. It is the reasoning of the State that custody of the minor having been taken from the parents, it was not necessary that they receive notice of the adjudicatory hearing.

■■ We disagree with the State's position since our Juvenile Court Act mandates that a petition for delinquency set forth the names and address of a minor's parents. (Ill. Rev. Stat. 1975, ch. 37, par. 704—1.) The Act further requires that service of process be had upon the parents by summons or by certified mail in certain instances. Ill. Rev. Stat. 1975, ch. 37, pars. 704—3 and 704—4.

■■ In the instant case the address of the minor respondent's parents was known, yet no effort was made by the State to comply with the notice provisions of the Juvenile Court Act. Notice to the parents as required by the Act is jurisdictional. *People ex rel. McEntee v. Lynch* (1906), 223 Ill. 346, 79 N.E. 70; *People ex rel. Houghland v. Leonard* (1953), 415 Ill. 135, 112 N.E.2d 697; and *In re T. B.* (1978), 65 Ill. 2d 903.

As we have previously stated, the State has asserted that notice to the minor respondent's parents is not necessary since their custodial rights had been terminated. We find no merit in this contention, since by statutory provisions of the Juvenile Court Act a parent's custodial interest is irrelevant. Section 4—3(1) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 704—3(1)) requires the following information on a petition to adjudicate delinquency: the names and residence of the minor's parents, the name and residence of his legal guardian or the person or persons having custody or control of the minor or of the nearest known relative if no parent can be found. Section 4—3(1) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 704—3(1)) requires that service shall be had on each person named in the petition praying for an adjudication of delinquency. Since the statute requires that both the parents and the guardian of the minor shall be served with summons or by alternative notice (Ill. Rev. Stat. 1975, ch. 37, par. 704—4), it is of no consequence that in the instant case the State of Kentucky had terminated the custodial rights of the parents. The parents of the minor respondent C. G. should have been given notice of the adjudicatory hearing and failure to do so prevented the trial court from obtaining jurisdiction.

■■ The State further argues that the rights of parents extend only to the dispositional hearing, and that lack of notice to them fails to affect the juvenile court's finding that the juvenile had committed a crime and was delinquent. We deem this argument to be fallacious since the adjudicatory hearing determines whether a dispositional hearing is necessary. The trial court not having the requisite jurisdiction for an adjudicatory hearing thereby failed to establish the necessary basis for a

dispositional hearing. We again refer to the Juvenile Court Act and note that the statutory provisions relating to dispositional orders which can be entered first require that the minor should have first been adjudged a ward of the court (Ill. Rev. Stat. 1975, ch. 37, par. 705—1) and have been found delinquent, or in need of supervision, or neglected or dependent. Ill. Rev. Stat. 1975, ch. 37, par. 705—2.

The adjudicatory hearing is the cornerstone which supports a dispositional hearing. That cornerstone is missing in the instant case.

For the reasons set forth the orders of the circuit court of Will County finding the minor respondent C. G. delinquent and committing him to the Department of Corrections are reversed, the same being void for lack of jurisdiction.

Reversed.

BARRY and STENGEL, JJ., concur.