71 Ill. App.3d 227 (1979)
389 N.E.2d 682
In re J.J., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellant,
v.
J.J., Respondent-Appellee.)
No. 78-439.
Illinois Appellate Court  Fifth District.
Opinion filed May 9, 1979.
Kelly D. Long, State's Attorney, of Hillsboro (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.
Reversed and remanded.
*228 Mr. JUSTICE KASSERMAN delivered the opinion of the court:
The issue presented by this appeal requires an interpretation of certain sections of the Juvenile Court Act and apparently is a matter of first impression.
The petition for adjudication of wardship was filed in the interest of the minor (hereinafter referred to as Respondent) on March 17, 1976. The petition alleged that Respondent was "otherwise in need of supervision" as defined in section 2-3(b) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 702-3(b)). Respondent, who was born December 20, 1961, was found by the court to be in need of supervision following a hearing on the petition, and the court adjudged him to be a ward of the court. The respondent was placed on probation for one year, which expired according to its terms on July 28, 1977. No motion to revoke probation was filed in the proceedings.
On June 28, 1978, a notice and petition for supplemental relief was filed in the interest of the Respondent, the petition alleging that the Respondent had previously been adjudged a ward of the court and that he had committed an offense relating to a motor vehicle, being the unauthorized moving of a motor vehicle, in violation of section 4-102 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95 1/2, par. 4-102). The petition prayed that the court modify its previous order and grant appropriate relief under the Juvenile Court Act.
The Respondent, by his guardian ad litem, filed a motion to dismiss the petition alleging that the Respondent was no longer a ward of the court and that the court lacked jurisdiction to entertain the petition for supplemental relief. It should be noted that the supplemental petition and notice of its hearing was filed and that no summons was served upon the Respondent subsequent to his being placed on probation.
Respondent's motion to dismiss was heard and granted by the court on August 21, 1978, the court apparently finding that the original probation order operated to terminate the Respondent's wardship, pursuant to section 5-11 of the Juvenile Court Act, on the expiration date of the original term of probation. The State perfected this appeal, contending that the court retained jurisdiction over the Respondent and that he remained a ward of the court despite his successful completion of the specified term of probation. We agree with the State's interpretation of the Juvenile Court Act.
The Juvenile Court Act is applicable to four categories of minors, those defined as delinquent, otherwise in need of supervision, neglected, or dependent (Ill. Rev. Stat. 1977, ch. 37, par. 702-1). The processing of a petition filed under the Juvenile Court Act involves three separate court determinations. First, at a hearing designated as an adjudicatory hearing, the court must determine whether the minor in question is delinquent, *229 otherwise in need of supervision, neglected or dependent, as defined in section 2-1 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 704-6). If the court finds that the minor falls into one of these four categories, it must then make a determination as to whether it is in the best interest of the minor and the public that the minor be adjudged a ward of the court (Ill. Rev. Stat. 1977, ch. 37, par. 704-8(2)). This adjudication of wardship is a prerequisite to disposition of the minor but is not in itself a disposition (Ill. Rev. Stat. 1977, ch. 37, par. 704-8(1)(2)).
The pertinent parts of the Juvenile Court Act, and those which are dispositive of this case in our opinion, are as follows:
"§ 1-18. `Ward of the court' means a minor who is so adjudged under Section 4-8, after a finding of the requisite jurisdictional facts, and thus is subject to the dispositional powers of the court under Article 5 of this Act." (Ill. Rev. Stat. 1977, ch. 37, par. 701-18.)
"§ 4-1(6). At any time before dismissal of the petition or before final closing and discharge under Section 5-11, one or more supplemental petitions may be filed in respect of the same minor." (Ill. Rev. Stat. 1977, ch. 37, par. 704-1(6).)
"§ 5-2(3). Unless the order of disposition expressly so provides, it does not operate to close proceedings on the pending petition, but is subject to modification until final closing and discharge of the proceedings under Section 5-11." (Ill. Rev. Stat. 1977, ch. 37, par. 705-2(3).)
"§ 5-11(1). All proceedings under this Act in respect of any minor automatically terminate upon his attaining the age of 21 years;
(2) Whenever the court finds that the best interests of the minor and the public no longer require the wardship of the court, the court shall order the wardship terminated and all proceedings under this Act respecting that minor finally closed and discharged. The court may at the same time continue or terminate any custodianship or guardianship theretofore ordered but such termination must be made in compliance with Section 5-8.
(3) The wardship of the minor and any custodianship or guardianship respecting him under this Act automatically terminates when he attains the age of 21 years. The clerk of the court shall at that time record all proceedings under this Act as finally closed and discharged for that reason." Ill. Rev. Stat. 1977, ch. 37, par. 705-11(1), (2), and (3).
When applying these statutes to the instant appeal, it is apparent that the Respondent has been adjudged a ward of the court, and that disposition was made under article 5 of the Juvenile Court Act by his *230 being placed on probation. The order placing Respondent on probation did not expressly provide that it would operate to close the proceedings on the petition pending; therefore, as specified in section 5-2(3) of the Act (Ill. Rev. Stat. 1977, ch. 37, par. 705-2(3)), the proceedings on the petition were not automatically closed by the termination of Respondent's probation. The order of disposition was subject to modification until final closing and discharge of the proceedings under section 5-11 (Ill. Rev. Stat. 1977, ch. 37, par. 705-11). All proceedings under the Act and the wardship of the minor would have automatically terminated when he attained the age of 21 years under the provisions of section 5-11(1) and (3) (Ill. Rev. Stat. 1977, ch. 37, par. 705-11(1) and (3)). The court was empowered to terminate the proceedings, and the Respondent's wardship prior to his attaining the age of 21 years under the provisions of Section 5-11(2) of the Act if it found that the best interest of the minor and the public no longer required the wardship of the court; however, this was never done.
The order of disposition did not expressly provide that it would operate to close the proceedings on the pending petition, Respondent had not attained the age of 21 years, and the court had not previously ordered the wardship terminated; therefore, the order of disposition was subject to modification upon the filing of a supplemental petition under the provisions of section 4-1(6) of the Act (Ill. Rev. Stat. 1977, ch. 37, par. 704-1(6)).
Accordingly, the order of the circuit court is reversed and this cause is remanded for further action consistent with this opinion.
Reversed and remanded.
G. MORAN, P.J., and KUNCE, J., concur.