*In re* R. P., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellant, *v.* R. P., Respondent-Appellee.)

Third District No. 80-453

Opinion filed May 11, 1981.—Rehearing denied August 12, 1981.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The State appeals from the order of the Circuit Court of Will County granting the minor-respondent's writ of habeas corpus. The issues presented for review are whether the circuit court had *in personam* jurisdiction over the minor's noncustodial parent for the purposes of adjudicating a second supplemental petition for delinquency and whether the minor has standing to contest the purported lack of jurisdiction.

On March 25, 1980, the State filed two petitions to adjudicate the minor a delinquent. The original petition alleged that on December 25, 1979, R. P. committed the offense of theft of property having a value in excess of $150. The first supplemental petition charged R. P. with the offense of unlawful use of weapons.

The minor's parents as stated on the petitions were Bennetta Conner (mother), William Conner (stepfather), and Raymond Pavlovich (father). Raymond Pavlovich's address was typed as "unknown" in both petitions, but the address of 5416 North Cicero, Chicago, Illinois, had been inserted in ink in its place. That address was written by Circuit Judge Connor on March 28, 1980, after the minor informed the court of his father's address.

On April 1, 1980, the Conners were personally served with a summons to appear on April 14, the date of the adjudicatory hearing for the original and first supplemental petitions. A Will County sheriff's police investigator, Rogal Rogers, unsuccessfully attempted to serve the minor's father at the Chicago, Illinois, address. That address turned out to be an expressway extension. On April 7, however, Rogers succeeded in personally serving the minor's father with the summons and copies of the two petitions at his business address of 5316 West 35th Street, Cicero,

Illinois. Rogers then amended the summons to reflect the address at which service was made.

At the April 14 adjudicatory hearing attended by the Conners, the minor stipulated to the charge of unlawful use of weapons contained in the first supplemental petition, and the circuit court dismissed the original petition. The court then ordered R. P. to be held in temporary detention pending a dispositional hearing scheduled for April 28. That hearing date was later continued until May 2.

On April 22, 1980, the State filed a second supplemental petition for delinquency under the same case number as the first two petitions. That petition charged that on April 18, 1980, the minor committed four counts of battery and, on April 19, 1980, he committed one count of criminal damage to property. The adjudicatory hearing on the petition was scheduled for May 2. The second supplemental petition listed the minor's father as a respondent whose address was unknown. The clerk of the court attempted service of this petition, but by publication only. The notice was published in the Labor Record, a Joliet weekly newspaper. The record fails to indicate whether any measures were taken to locate the father prior to publication or whether notice of publication was mailed to his business address as indicated on the returned summons for the first two petitions.

An adjudicatory hearing on the second supplemental petition was held on May 2, 1980, with R. P.'s mother in attendance. The court adjudged R. P. a delinquent, finding beyond a reasonable doubt that R. P. was guilty of three counts of battery and one count of criminal damage to property. Following a dispositional hearing on May 19, the court committed the minor to the Department of Corrections, Juvenile Division.

The minor then filed a petition for writ of habeas corpus, charging the juvenile court had no jurisdiction to enter any of its orders on the original, first supplemental, and second supplemental petitions. On July 25, 1980, the circuit court granted the petition, dismissed all of the previously entered orders, and released R. P. to his mother's custody.

Due process of law requires that the minor and his parents receive many of the same constitutional protections in a juvenile proceeding as a party receives in a civil or criminal proceeding. One such requirement is adequate notice. (*In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428.) Respondents in juvenile proceedings must be notified, in writing, of the charges to be considered at the hearing and such notice must be given at the earliest practicable time, sufficiently in advance of the hearing to permit adequate preparation.

Sections 4—1 to 4—4 of the Juvenile Court Act enumerate the requirements for valid notice. (Ill. Rev. Stat. 1979, ch. 37, pars. 704—1 to 704—4.) The minor and interested persons as defined in section 4—1(2)

are necessary parties and must be named as respondents in a petition for delinquency. Accordingly, they must be served with a summons issued by the clerk of the court. If personal service on any respondent fails within a reasonable time, service may be made by certified mail. In the event that certified mail fails, service may be made by publication. In such an instance, the clerk of the court must send a copy of the notice by mail to the respondent's last known address. The failure to adequately notify a respondent in a juvenile proceeding renders the court without jurisdiction. The court is then without authority to issue binding orders or judgments. Ill. Rev. Stat. 1979, ch. 37, par. 704—4(2); *People v. Lynch* (1906), 223 Ill. 346, 79 N.E. 70; *In re C. G.* (1979), 69 Ill. App. 3d 56, 387 N.E.2d 4.

Clearly, the circuit court established *in personam* jurisdiction over the minor's father for purposes of the April 14 adjudicatory hearing. He was personally served at his business address with a summons informing him of the allegations contained in the original and first supplemental petitions.

■■ The State argues, however, that section 4—1(6) of the Juvenile Court Act extends the court's jurisdiction over subsequent supplemental petitions for delinquency. That section reads:

"At any time before dismissal of the petition or before final closing and discharge under Section 5—11, one or more supplemental petitions may be filed in respect of the same minor." (Ill. Rev. Stat. 1979, ch. 37, par. 704—1(6).)

Specifically, the State contends that because no final order concerning the first supplemental petition was entered before the May 2 adjudicatory hearing, the court's jurisdiction over the named respondents, including R. P.'s father, continued through the May 2 adjudication of delinquency and the May 19 dispositional hearing.

In support of its argument, the State relies upon *In re J. J.* (1979), 71 Ill. App. 3d 227, 389 N.E.2d 682. In *In re J. J.*, the juvenile court found the minor to be in need of supervision, made him a ward of the court, and placed him on probation for 1 year. Exactly 1 year later, the State filed a supplemental petition, alleging that the minor had previously been adjudged a ward of the court and that he had committed an offense relating to a motor vehicle while on probation. The petition sought to modify the orignal dispositional order. No summons accompanied the petition.

The minor moved to dismiss the petition, charging that he was no longer a ward of the court and that the circuit court lacked jurisdiction to entertain the supplemental petition. The court granted the motion, apparently on the former ground only.

On appeal, the Fifth District reversed. Although the State presented the issue of continuing jurisdiction over the named respondents, the

opinion contains no discussion concerning that issue. Instead, the court focused on the meaning of "before dismissal of the petition or before final closing and discharge under section 5—11" found in section 4—1(6). The court ruled that where the dispositional order contained no reference to the date of termination of the minor's wardship, the wardship terminated when the minor reached the age of 21 and not upon conclusion of probation. "[T]herefore, the order of disposition was subject to modification upon the filing of a supplemental petition under the provisions of section 4—1(6) of the Act." *In re J. J.* (1979), 71 Ill. App. 3d 227, 230, 389 N.E.2d 682, 684.

We find the State's reliance upon *In re J. J.* to be misplaced. Although the issue of continuing *in personam* jurisdiction for adjudicating a supplemental petition was presented, the court ignored it and based no part of its holding upon that issue.

Instead, we find that the Juvenile Court Act and the constitution compel us to apply the notice provisions of sections 4—3 and 4—4 to supplemental petitions. First, section 1—15 of the Act defines petition to include supplemental petitions. (Ill. Rev. Stat. 1979, ch. 37, par. 701—15.) Although this section appears to transfer or impute to supplemental petitions every statutory requirement applicable to original petitions, we are faced only with the notice provisions in the case at bar and limit today's holding accordingly.

■■ Moreover, certain procedural protections found in the due process clause of the fourteenth amendment to the United States Constitution apply to all adjudicatory proceedings, including juvenile proceedings (*In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428), to ensure the fundamental fairness of the hearing. Adequate notice has long been considered one of the most essential of those rights. (J. Nowak, R. Rotunda, J. Young, Handbook on Constitutional Law 499 (1978); *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652.) Where the supplemental petition for delinquency contains allegations which consist of a different transaction than is alleged in the original petition, as in the case at bar, the respondents' exposure to loss of their rights is just as great as in the original petition; thus, their notice must be just as adequate as is the notice required for the original petition. Accordingly, we hold that the Juvenile Court Act's notice requirements in sections 4—3 and 4—4 apply to supplemental petitions containing allegations of a different transaction.

In the case at bar, therefore, the juvenile court's jurisdiction over the minor's father did not continue for the purpose of adjudicating the second supplemental petition by virtue of section 4—1(6). Likewise, the court fell short of following the Act's notice requirements in that the court did not attempt personal service or service by mail of the second supplemental

petition of the father's last known business address. For this reason, the May 2 adjudication of delinquency and the May 19 disposition are void in so much as these orders were entered in respect to the second supplemental petition. From this court's reading of the record, however, on April 14 the court adjudicated the minor a delinquent on the basis of the unlawful use of weapons charge contained in the first supplemental petition. The court had jurisdiction over all the respondents on that date. For this reason, we reinstate the order of April 14 and remand the cause for a new dispositional hearing.

■■ The second issue raised by the State, whether the minor may contest the court's alleged lack of jurisdiction after his father, has been determined adversely to the State's contention. (*In re J. W.* (1980), 89 Ill. App. 3d 150, 412 N.E.2d 9, *appeal allowed* (1981), 82 Ill. 2d 586; *In re C. G.* (1979), 69 Ill. App. 3d 56, 387 N.E.2d 4.) This court has repeatedly held that in order to protect the best interests of the minor, the minor must be able to assert the lack of notice to his or her respondent-parent regardless of whether that parent has custody of the minor.

For the foregoing reasons, we affirm the Will County Circuit Court's granting of the writ of habeas corpus insofar that the juvenile court adjudged the minor a delinquent and committed him to the Department of Corrections on the charges contained in the second supplemental petition. However, we reinstate the April 14 order and remand the cause for a new dispositional hearing on the first supplemental petition.

Affirmed in part, reversed in part, and remanded.

STOUDER and HEIPLE, JJ., concur.