146 Ill. App.3d 993 (1986)
497 N.E.2d 811
In re R.A.B., Alleged to be a Delinquent Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
R.A.B., Respondent-Appellant).
No. 4-86-0005.
Illinois Appellate Court  Fourth District.
Opinion filed August 28, 1986.
*994 Daniel D. Yuhas, Charles M. Schiedel, and Gary S. Rapaport, all of State Appellate Defender's Office, of Springfield, for appellant.
Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor, of counsel), for the People.
Order affirmed.
JUSTICE GREEN delivered the opinion of the court:
 1 In this case, we again confront the technical problems resulting from the failure to obtain service against a minor respondent to a delinquency petition filed in a proceeding under the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 701-1 et seq.). (See In re Day (1985), 138 Ill. App.3d 783, 486 N.E.2d 307 (applying the ancient precedent of Bonnell v. Holt (1878), 89 Ill. 71).) Here, proper service was obtained against the minor respondent as to an original petition but not as to a supplemental petition. The circuit court consolidated the matter for hearing and entered a single adjudication of delinquency. At issue is the question of whether the adjudicatory order and subsequent proceedings are void for lack of jurisdiction of the person of the minor. We hold that they are not and affirm subsequent orders revoking the minor's probation and committing him to the Department of Corrections, Juvenile Division.
The original petition was filed on December 14, 1984, in the circuit court of Champaign County alleging that R.A.B. was a delinquent minor because of his commission of four residential burglaries, each charged in a separate count. This is the petition upon which the minor was properly served with summons. On March 7, 1985, a supplemental petition was filed charging the minor with an additional offense of residential burglary. This is the petition upon which no service was obtained. On March 19, 1985, an adjudicatory hearing was held as to both petitions. The minor stipulated to the truth of two counts of the original petition and to the allegations of the supplemental petition. The trial court then pronounced in open court an order finding the minor to *995 be delinquent. On April 19, 1985, a dispositional hearing was held, and, on April 24, 1985, the minor was placed on probation. On October 24, 1985, a hearing was held on a petition to revoke probation after proper service had been obtained as to the minor. On December 4, 1985, the court entered a dispositional order committing the minor to the Department of Corrections, Juvenile Division.
The minor has appealed contending that the failure to obtain service on the minor as to the supplemental petition deprived the court of personal jurisdiction: (1) to hold the consolidated adjudicatory hearing of March 19, 1985; (2) to adjudicate him a delinquent; and (3) to hold any subsequent proceedings. The minor makes no complaint concerning the subsequent proceedings other than that the earlier failure to obtain service upon him deprived the court of jurisdiction to proceed pursuant to a void adjudicatory order.
 2 The minor correctly points out our prior determination that the precedent of Bonnell requires us to hold that in a juvenile delinquency proceeding a minor cannot enter his or her appearance and that jurisdiction of the minor can only be obtained by service of process. (In re Day (1985), 138 Ill. App.3d 783, 486 N.E.2d 307.) Here, the minor had been served as to the original petition. However, he asserts that service in regard to the supplemental petition was also necessary for the court to have jurisdiction of his person to hold the consolidated hearing. He points out that the offense alleged in the supplemental petition was one of the offenses relied upon in entering the order of delinquency. The minor concludes that his theory is fully supported by the decision of the Third District in In re R.P. (1981), 97 Ill. App.3d 889, 423 N.E.2d 920.
With the possible exception of R.P., we are unaware of any case in point. However, our conclusion that the court had jurisdiction of the minor to enter the adjudication of delinquency and subsequent orders is based upon the simple theory that: (1) the service on the minor pursuant to the original petition vested the circuit court with jurisdiction of the person of the minor permitting the court to adjudicate the question of his delinquency; (2) neither (a) the consolidation of the original petition with the supplemental petition, (b) the consideration of evidence bearing only on the allegations of the supplemental petition, nor (c) the consideration of findings made on issues concerning the supplemental petition, negate the court's personal jurisdiction of the minor to grant the prayer of the original petition; and (3) if the court had jurisdiction to enter the orders of delinquency, it had jurisdiction to enter the subsequent order.
 3 The various aspects of the combined adjudicatory hearing giving *996 rise to the adjudicatory order of delinquency may each constitute error, but any such error, which did not deprive the court of jurisdiction, was waived by the failure of the minor to appeal from the dispositional order placing the minor on probation. (In re T.E. (1981), 85 Ill.2d 326, 423 N.E.2d 910; People v. Stueve (1977), 66 Ill.2d 174, 361 N.E.2d 579.) The minor makes no complaint concerning the subsequent proceeding except for his contention that they were based on a void order finding the minor to be delinquent.
We do not agree that R.P. requires a different disposition than that which we have described. There, a minor was charged with being a delinquent in both an original and a supplemental petition. Those petitions were apparently consolidated for hearing, and service was obtained as to all parties. Prior to that hearing, a second supplemental petition was filed also alleging that the minor was a delinquent. No proper service was made in regard to the minor's father as to that petition. Separate hearings were held, one on the original and supplemental petitions and one on the second supplemental petition. Adjudicatory orders finding delinquency were entered after each hearing. Then, a single dispositional hearing was held, and the minor was committed to the Department of Corrections, Juvenile Division.
Upon the entry of the dispositional order of commitment in the case of R.P., the minor filed a petition for writ of habeas corpus in the trial court. That court entered an order setting aside all of the orders entered in the juvenile proceeding including the adjudicatory order entered after proper service on all parties. On appeal from the habeas corpus order, the Third District reversed the vacation of the latter order but affirmed the vacation of the other orders. That court concluded that the dispositional order was void because it was "entered in respect to the second supplemental petition" pursuant to which there had been no service upon the father. In re R.P. (1981), 97 Ill. App.3d 889, 894, 423 N.E.2d 920, 924.
The cited language from R.P. would indicate that the dispositional hearing there was being held pursuant to the adjudication on the second supplemental petition only and not pursuant to the adjudication properly entered on the original and supplemental petitions. Thus, the dispositional hearing there cannot be compared to the consolidated original adjudicatory hearing in question here, where the court clearly had jurisdiction of the minor for the purposes of one of the pending petitions. However, even if the court were proceeding there pursuant to both adjudications of delinquency, we are not persuaded that our ruling here is wrong. We would reject the precedent of R.P. under that interpretation. We do not think that joinder of matters over which the *997 court has no jurisdiction with those for which it has jurisdiction deprives the court of power to enter an order which it could have entered without the improper joinder.
Before concluding our opinion, we deem it appropriate to discuss the question as to whether additional service need be obtained on respondents when a supplemental petition is filed before the original petition is heard. Although minors who are respondents to petitions in juvenile proceedings alleging them to be delinquent are entitled to many of the rights of those accused in criminal proceedings, the procedure in juvenile delinquency proceedings in the circuit court are substantially civil in nature. (In re Fucini (1970), 44 Ill.2d 305, 311, 255 N.E.2d 380, 383.) The requirement that a respondent be served with process is a requirement of civil procedure. Jurisdiction of a person charged with a crime may be obtained merely by bringing that person before the court.
Ordinarily, in civil proceedings, a petition may be amended or supplemented, as to parties not in default, before the matter is heard on the merits, without further service of process. The Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 1-101 et seq.) makes no requirement for further service under such circumstance. However, section 1-15 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 701-15), defines petitions as including supplemental petitions, and section 4-3 of the Act provides for issuance and service of "a" summons upon the filing of "a" petition. (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 37, par. 704-3.) The court in R.P. stated that the Juvenile Court Act required new service on parties after filing a supplemental petition, even under the circumstances there where, as here, prior petitions upon which proper service had been made were pending. We recognize the apparent statutory support for such a rule but question if such was the intent of the drafters of the Act, particularly in circumstances such as here, where all of the parties were already before the court.
Because of the statutory language and that in the cited case, prudence clearly requires new service even when service has been obtained on pending petitions. As we have held that, in any event, the court had personal jurisdiction to enter the order of delinquency, we need not decide whether the additional service was necessary.
As stated, we affirm.
Affirmed.
McCULLOUGH, P.J., and MORTHLAND, J., concur.