# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Deutsche Bank National Trust Co. v. Brewer, 2012 IL App (1st) 111213**

---

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, Plaintiff-Appellee, v. DENISE BREWER, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-11-1213 |
| Filed<br>Rehearing denied<br>Modified opinion filed | May 9, 2012<br>July 12, 2012<br>July 18, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from mortgage foreclosure proceedings in which a default judgment was entered against defendant based on service by publication and a judgment approving the sale of defendant's condominium was approved, the judgments were reversed and the cause was remanded for further proceedings, since plaintiff failed to present any affidavits in which the affiants swore due inquiry was made to find and serve defendant, the trial court's finding that plaintiff proved due inquiry in strict compliance with the circuit court rules was contradicted by the manifest weight of the evidence, and defendant's motion to quash service was improperly denied; furthermore, section 15-1509 of the Code of Civil Procedure, which bars challenges to a foreclosure and sale, did not apply to validate the trial court's void judgments. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CH-25389; the Hon. Pamela Gillespie, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Deborah L. King, of Chicago, for appellant.

Locke Lord LLP, of Chicago (Hugh S. Balsam, Simon Fleischmann, and Ryan M. Holz, of counsel), for appellee.

Panel

JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Presiding Justice Steele and Justice Murphy concurred in the judgment and opinion

# OPINION

¶ 1     The trial court in this mortgage foreclosure action permitted the plaintiff, Deutsche Bank National Trust Company, to serve process on the defendant, Denise Brewer, by publication. When the defendant did not respond, the court entered a default judgment and ordered a judicial sale of Brewer's home. The court then approved the sale of the home to Deutsche Bank. Brewer moved to quash the service of process by publication. The trial court denied the motion and Brewer now appeals.

¶ 2     Brewer argues that the trial court never acquired personal jurisdiction over her because Deutsche Bank did not meet the requirements for service by publication. Deutsche Bank counters that (1) section 15-1509 of the Code of Civil Procedure (the Code) (735 ILCS 5/15-1509 (West 2008)) precluded the court from granting Brewer any relief, even if the trial court lacked personal jurisdiction when it entered the judgment, and (2) Deutsche Bank met the requirements for service of process by publication.

¶ 3     We hold that section 15-1509 pertains only to valid judgments imposed by courts that have personal jurisdiction over the parties. Because Deutsche Bank presented no affidavits in which the affiant swore that he personally took the steps necessary for attempting to serve process on Brewer and for due inquiry into her whereabouts, we find that Deutsche Bank did not meet the requirements for service by publication. Therefore, we reverse the judgment of the trial court and remand for further proceedings consistent with this order.

¶ 4                     BACKGROUND

¶ 5     In 2006, Security Financial Group loaned Brewer $262,000 in exchange for a mortgage on Brewer's home, a condominium in Chicago. Deutsche Bank, as trustee for GSAA Home Equity Trust 2006-15, acquired Security Financial's interest in the mortgaged property. On July 16, 2008, Deutsche Bank filed a complaint against Brewer and all others with any interest in the property, seeking to foreclose the mortgage.

¶ 6     In September 2008, Deutsche Bank sought leave to serve process on Brewer by publication. In an affidavit filed in support of the motion, Don Eskra swore that he worked

for Excel Innovations, a detective agency appointed to serve process on Brewer. He listed 19 different times when he claimed someone attempted to serve process on Brewer at the mortgaged condominium between July 17, 2008, and August 17, 2008. He said Brewer "could not be served" at the address. In a separate affidavit, he asserted that "[a]ttempts were made" to serve Brewer at the condominium. Deutsche Bank's attorney signed an affidavit in which he swore Brewer and the unknown owners "on due inquiry cannot be found," and "[t]he places of residence of said defendants are not known to the plaintiff, and upon diligent inquiry said defendants' places of residence cannot be ascertained." Other affidavits listed more attempts to serve Brewer at other addresses.

¶ 7        In a document labeled "Affidavit to Allow Service by Publication Pursuant to Local Rule 7.3," another employee of Excel, Dennis McMaster, listed in one document the dates and times of all the claimed attempts to serve Brewer at all of the addresses. McMaster said, "it was discovered that no contact could be made" with Brewer at any of the addresses. McMaster added, "we attempted to locate the defendant by searching public, online and confidential databases *** [and] calling Directory Assistance."

¶ 8        In October 2008, the Chicago Daily Law Bulletin published a notice addressed to Brewer and all unknown owners, informing those who read the notice of the lawsuit to foreclose the mortgage. Brewer did not respond. In February 2009, the trial court entered a default judgment against Brewer on the complaint for foreclosure and ordered a judicial sale of the property.

¶ 9        Deutsche Bank purchased the property for $110,000 at the judicial sale on April 12, 2010. On May 27, 2010, the court entered an order approving the sale and granting Deutsche Bank possession of the property.

¶ 10       On July 8, 2010, Brewer moved to quash the summons and to declare the default judgment and all later proceedings void for lack of jurisdiction. She swore that she had lived at the mortgaged property, as her sole residence, since 1988. She added that the process servers could have found her there with reasonable efforts, and she never received summons or learned of the service by publication.

¶ 11       In response, Deutsche Bank showed that its attorneys received two faxes from Brewer in 2009, and in both faxes Brewer asked the attorneys to provide her reinstatement figures for her loan. The court denied the motion to quash. Brewer now appeals.

¶ 12                                              ANALYSIS

¶ 13       On appeal, Brewer argues that the trial court did not have jurisdiction over her when it entered the final judgment and, therefore, the judgment is void. Deutsche Bank responds that we need not address Brewer's argument because section 15-1509 of the Code bars any challenge to the foreclosure and sale. Section 15-1509 provides:

        "(c) Claims Barred. Any vesting of title *** by deed pursuant to subsection (b) of Section 15-1509, unless otherwise specified in the judgment of foreclosure, shall be an entire bar of *** all claims of parties to the foreclosure ***, notwithstanding the provisions of subsection (g) of Section 2-1301 [(735 ILCS 5/2-1301 (West 2008))] to the contrary. Any person seeking relief from any judgment or order entered in the foreclosure

in accordance with subsection (g) of Section 2-1301 of the Code of Civil Procedure may claim only an interest in the proceeds of sale." 735 ILCS 5/15-1509(c) (West 2008).

¶ 14 Section 2-1301 of the Code permits a party properly served by publication sometime after the entry of a judgment to challenge the judgment, and it permits some parties to redeem property sold pursuant to the final judgment. 735 ILCS 5/2-1301(g) (West 2008). Under section 15-1509, the party aggrieved by an erroneous judgment and a sale pursuant to that judgment cannot challenge the sale, and the court must limit the relief from an erroneous judgment to a claim for the proceeds from the sale. 735 ILCS 5/15-1509(c) (West 2008). Deutsche Bank claims that the statute bars Brewer from contesting the sale of the property even if the trial court lacked personal jurisdiction over Brewer when it entered the judgment approving the sale.

¶ 15 A judgment entered without jurisdiction over the parties is void *ab initio* and lacks legal effect. *Village of Algonquin v. Lowe*, 2011 IL App (2d) 100603, ¶ 24; *Bell Federal Savings & Loan Ass'n v. Horton*, 59 Ill. App. 3d 923, 928-29 (1978). Even if the legislature had the power to make a void judgment effective, nothing in section 15-1509 indicates that the legislature sought to make foreclosure judgments take effect and deprive owners of their properties when the trial court lacked personal jurisdiction over the owners. See 735 ILCS 5/15-1509(c) (West 2008). Therefore, we hold that section 15-1509 applies only to valid judgments entered with jurisdiction over the parties and the subject matter. Accordingly, section 15-1509 does not bar Brewer's jurisdictional challenge to the trial court's judgment.

¶ 16                                             Service by Publication

¶ 17 The trial court found that Deutsche Bank adequately proved that it met the requirements for service of process by publication, and therefore it denied Brewer's motion to quash. When we review a decision on a motion to quash service of process, we must determine whether the trial court's findings of fact are against the manifest weight of the evidence. *Household Finance Corp. III v. Volpert*, 227 Ill. App. 3d 453, 455-56 (1992).

¶ 18 Section 2-206 of the Code (735 ILCS 5/2-206 (West 2008)) allows a plaintiff to serve process on a defendant by publication, but it restricts this kind of service to limited cases and only when the plaintiff has strictly complied with the requirements for such service. *Bank of New York v. Unknown Heirs & Legatees*, 369 Ill. App. 3d 472, 475 (2006) (citing *Horton*, 59 Ill. App. 3d at 926). In pertinent part, section 2-206 provides:

"Whenever, in any action affecting property or status within the jurisdiction of the court, *** plaintiff or his or her attorney shall file *** an affidavit showing that the defendant *** on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper published in the county in which the action is pending." 735 ILCS 5/2-206(a) (West 2008).

¶ 19 The Cook County circuit court adopted a rule that elaborates on the requirement for the affidavit:

"Pursuant to 735 ILCS 5/2-206(a), due inquiry shall be made to find the defendant(s)

prior to service of summons by publication. In mortgage foreclosure cases, all affidavits for service of summons by publication must be accompanied by a sworn affidavit by the individual(s) making such 'due inquiry' setting forth with particularity the action taken to demonstrate an honest and well directed effort to ascertain the whereabouts of the defendant(s) by inquiry as full as circumstances permit prior to placing any service of summons by publication." Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996).

¶ 20    Thus, the rule requires sworn affidavits by the individuals who tried to serve process on the defendant and ascertain the defendant's whereabouts, and those individuals must "set[ ] forth with particularity the action" they took to find and serve process on the defendant. Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996). The rule ensures that the court relies solely on sworn statements as to the measures taken to find and serve the defendant before the court permits service by publication.

¶ 21    The affidavits Deutsche Bank filed in support of the motion for service by publication do not identify who attempted to serve process on Brewer at her home or who took the steps listed to find other addresses where Excel's employees might serve process on her. Eskra and McMaster in their affidavits said "attempts were made" to serve Brewer at her home address on listed dates, but failed to identify the persons who attempted the service.

¶ 22    The court in *Official Committee of Unsecured Creditors v. Hendricks*, No. 1:04-cv-066, 2008 U.S. Dist. LEXIS 116318 (S.D. Ohio Aug. 1, 2008), reviewed similar affidavits signed by a Mr. Jones. The court said, "The first sentence of [a paragraph in the affidavit] avers that 'it was discovered that company had grossly manipulated . . . .' Who made the discovery? If Mr. Jones made the discovery, he could readily have said 'I discovered.' Use of the passive voice implies that someone else made the discovery and reported it to Mr. Jones." *Hendricks*, No. 1:04-cv-066, 2008 U.S. Dist. LEXIS 116318, at *12. See also *United States v. Madrigales-Reyes*, H-09-0428, 2009 U.S. Dist. LEXIS 72949, at *28 (S.D. Tex. Aug. 17, 2009) (because affidavit phrased in passive voice, the court cannot tell who did the acts indicated); *Edelson v. Ch'ien*, No. 03 C 17320, 2005 U.S. Dist. LEXIS 27050, at *32 n.12 (N.D. Ill. Nov. 9, 2005) (collecting cases in which courts held that affidavits that use passive voice fail to name the individuals responsible for the acts).

¶ 23    Deutsche Bank has failed to present any affidavits in which the affiant swears that he or she attempted to serve process on Brewer at her home. The affidavits of Eskra and McMaster would be true if McMaster and Eskra simply took the unsworn word of someone else who claimed that he or she had taken steps to find and serve Brewer. But an affidavit in which the affiant avers that he spoke to some persons who claimed they went to the defendant's home does not show that the affiant has personal knowledge of an attempt to serve the defendant at home. See *Sanford v. Smith*, 90 Cal. Rptr. 256, 261 (Cal. Ct. App. 1970); *M&D Associates v. Mandara*, 841 A.2d 441, 450 (N.J. Super. Ct. App. Div. 2004); *Senior Loiza Corp. v. Vento Development Corp.*, 760 F.2d 20, 24 (1st Cir. 1985); *Cooper v. Commonwealth Title of Arizona*, 489 P.2d 1262, 1265-66 (Ariz. Ct. App. 1971); *Coble v. Brown*, 159 S.E.2d 259, 264 (N.C. Ct. App. 1968); *Holland v. Holland*, 173 P. 1139 (Okla. 1918) (*per curiam*); *Cohen v. Portland Lodge No. 142, B.P.O.E.*, 152 F. 357, 362-63 (9th Cir. 1907); see also *Horton*, 59 Ill. App. 3d 923. Thus, Deutsche Bank's affidavits do not serve the rule's purpose of ensuring that the court relies only on sworn statements of persons who actually attempt

to find and serve the defendant before permitting service of process by publication. Insofar as Deutsche Bank seeks to rely on attempts to serve process at Brewer's home as indications of due inquiry, it has failed to present any affidavits that comply with Rule 7.3 to support the claim. Moreover, McMaster in his affidavit says, "we *** search[ed] public, online and confidential databases" for Brewer's address, but again he fails to identify the persons who actually performed the searches. If he searched the databases himself, he should have said so. If he relies on the searches others performed as the due inquiry, the rule requires sworn affidavits from the individuals who searched the databases.

¶ 24     Deutsche Bank, citing *Phalen v. Groeteke*, 293 Ill. App. 3d 469 (1997), asserts that Rule 7.3 conflicts with section 2-206, and the statute must prevail over the rule. The *Phalen* court held:

> "Illinois Supreme Court Rule 21(a) vests circuit courts with the power to adopt local rules governing civil and criminal cases as long as: (1) they do not conflict with supreme court rules or statutes; and (2) so far as practical, they are uniform throughout the State. 134 Ill. 2d R. 21(a). A reviewing court will not interfere with the trial court's exercise of its authority under local rules in the absence of facts constituting an abuse of discretion." *Phalen*, 293 Ill. App. 3d at 470.

Section 2-206 does not delineate what affidavits must include in order to make the "showing that the defendant *** on due inquiry cannot be found." 735 ILCS 5/2-206(a) (West 2008). But an affidavit must show that the affiant bases his assertions on personal knowledge, and the affiant could competently testify to the facts asserted. *Burks Drywall, Inc. v. Washington Bank & Trust Co.*, 110 Ill. App. 3d 569, 576 (1982); see Ill. S. Ct. R. 191(a) (eff. July 1, 2002). Section 2-203 of the Code, concerning service of process, like Rule 7.3, requires an affidavit from the "person making service" specifying the steps that person took to effect service on the defendant. 735 ILCS 5/2-203 (West 2008). Rule 7.3 merely applies the general requirements for affidavits to affidavits filed in support of motions for service by publication. Thus, Rule 7.3 does not conflict with section 2-206 of the Code.

¶ 25     Deutsche Bank did not present affidavits from any affiant who claimed to have searched for Brewer's address or attempted to serve process on her at her home. Thus, Deutsche Bank did not comply with the requirements of Rule 7.3. The trial court erred when it permitted Deutsche Bank to serve process on Brewer by publication where Deutsche Bank failed to comply strictly with the requirements for service of process by publication. See *Bank of New York*, 369 Ill. App. 3d at 475. Therefore, we hold that the trial court erred when it denied Brewer's motion to quash the summons.

¶ 26     Deutsche Bank argues that Brewer must have actually learned of the lawsuit by 2009 because she twice sent faxes to Deutsche Bank's attorneys asking them to provide her with reinstatement figures for her loan. While the faxes show that Brewer knew that she had not made all payments promised in the loan contract, we see nothing in either fax that shows she knew that Deutsche Bank had sued to foreclose the mortgage. Deutsche Bank's attorneys provided no evidence that they responded to Brewer's faxes or thereafter tried to use Brewer's fax number to notify her of the suit to foreclose the mortgage. Moreover, even if Brewer knew of the suit, such knowledge would not vest the trial court with jurisdiction over

Brewer if the plaintiff never effected service of process on her. See *Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 35 (2006) (citing *Horton*, 59 Ill. App. 3d at 930).

¶ 27                              Remand for Hearing on Jurisdiction

¶ 28       Finally, Deutsche Bank asks this court to clarify that the proceedings on remand should include a hearing concerning jurisdiction. In support, Deutsche Bank cites *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294 (1986). In *Thill*, the bank sought to foreclose a mortgage, and it gave the summons to a process server who asserted in an affidavit that he gave a copy of the complaint to the wife of the defendant, Thill. When Thill failed to respond to the summons, the trial court entered judgment against him and the sheriff sold Thill's home. The appellate court found the proof of service insufficient and remanded the case to the trial court for the court to hear evidence apart from the affidavit of service to determine what the bank actually did to try to serve process on Thill. On further appeal, our supreme court found that the process server had not included in his affidavit several of the assertions necessary for the trial court to acquire jurisdiction over Thill. The affiant asserted only that he served the complaint, not the summons, and the affiant did not assert that he mailed a copy of the summons and the complaint to Thill. *Thill*, 113 Ill. 2d at 311.

¶ 29       Our supreme court found the "affidavit of service *** insufficient to give the circuit court jurisdiction over the defendant." *Thill*, 113 Ill. 2d at 311. However, the *Thill* court also held that the insufficient affidavit did not invalidate service, if the bank actually obtained service of process on Thill. *Thill*, 113 Ill. 2d at 312. The *Thill* court said:

> "Thus, the defendants' challenge to the service in the present case and the filing of the affidavits of the process servers in response to this challenge created an issue of fact as to the service which should have been resolved by the circuit court. *** [T]he appellate court properly remanded the cause to the circuit court for an evidentiary hearing on the validity of the purported substituted service of summons on the defendant." *Thill*, 113 Ill. 2d at 312.

¶ 30       *Thill* differs from the case now on appeal because *Thill* did not involve service by publication and sufficient affidavits must precede service by publication. See 735 ILCS 5/2-206(a) (West 2008). However, we apply *Thill* here and allow Deutsche Bank to prove that it took adequate steps to justify service by publication before the publication, even though it did not file affidavits showing that it took such steps, because trial courts prior to this opinion may have permitted service by publication based on insufficient affidavits that did not meet the requirements of section 2-206 and Rule 7.3, in that the affiants never asserted that they personally went to the defendants' homes to serve summons or that they personally looked for the defendants' addresses. Here, as in *Thill*, the organization that attempted to serve process supplied affidavits that did not confer jurisdiction on the trial court. Because we are in this opinion clarifying the requirements of section 2-206 and Rule 7.3, we direct the trial court on remand to hold an evidentiary hearing to hear evidence–from the individuals who actually took such steps–about what the personnel of Excel Innovations actually did to search for and serve process on Brewer.

¶ 31                          CONCLUSION

¶ 32       Deutsche Bank did not present to the court any affidavits in which the affiants swore they made due inquiry to find and serve process on Brewer. Therefore, the manifest weight of the evidence contradicts the trial court's finding that Deutsche Bank proved due inquiry in strict compliance with Rule 7.3, and the trial court erred when it denied Brewer's motion to quash service of the summons by publication. Because the trial court had no personal jurisdiction over Brewer prior to the entry of the default judgment and the judgment approving the sale of her home, those judgments are void, and the provisions of section 15-1509 of the Code do not validate the void judgments. Accordingly, we reverse the trial court's judgment and we remand for further proceedings in accord with this opinion.

¶ 33       Reversed and remanded.