# Illinois Official Reports

## Appellate Court

---

**_BankUnited v. Velcich_, 2015 IL App (1st) 132070**

---

| | |
|---|---|
| Appellate Court Caption | BANKUNITED, Plaintiff-Appellee, v. DINO S. VELCICH, Defendant-Appellant (Maria Nascimento, Unknown Owners, and Nonrecord Claimants, Defendants). |
| District & No. | First District, First Division<br>Docket No. 1-13-2070 |
| Filed | January 12, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's emergency motion to quash service of process in the action to foreclose his mortgage was affirmed, since the affidavits used by the process server to serve defendant were based on the affiant's personal knowledge and set out the specific actions taken to determine defendant's whereabouts for purposes of justifying service by publication pursuant to section 2-205(a) of the Code of Civil Procedure and a local circuit court rule and plaintiff did not improperly fail to state defendant's address in the affidavit for service by publication, since there was no evidence plaintiff knew where defendant resided. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-28298; the Hon. Darryl B. Simko, Judge, presiding. |
| Judgment | Affirmed. |

| | |
|---|---|
| Counsel on Appeal | IND LAW LLC, of Chicago (Clinton J. Ind, of counsel), for appellant. |
| | Kluever & Platt, LLC, of Chicago (David C. Kluever and M. Reas Bowman, of counsel), for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Delort and Justice Connors concurred in the judgment and opinion. |

## OPINION

¶ 1    Plaintiff, BankUnited, brought this mortgage foreclosure action against defendant, Dino Velcich, who, along with codefendant Maria Nascimento,[1] executed a promissory note with plaintiff secured by a mortgage on property commonly known as 2707 West Medill Avenue, in Chicago, Illinois. The circuit court entered an order of default and a judgment of foreclosure and sale. After the sale of the property, the circuit court entered an order confirming the sale. Within 30 days of the entry of the order of the confirmation of the sale, defendant appeared and filed an emergency motion to quash service, which the circuit court denied.

¶ 2    Defendant raises two issues for our review: (1) whether the affidavits plaintiff relied upon to effectuate service of process upon him were based on the affiant's personal knowledge and sufficiently set forth the particular actions taken to serve him to satisfy section 2-206 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-206 (West 2010)) and local rule 7.3 (Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996)); and (2) whether plaintiff's affidavit of service by publication speaks the truth and complies with section 2-206 of the Code (735 ILCS 5/2-206 (West 2010))[2] where plaintiff stated defendant's residence was unknown despite a diligent inquiry. We hold plaintiff's affidavits were based on the affiant's personal knowledge and set forth the specific actions taken to determine defendant's whereabouts to justify service by publication in accordance with section 2-206(a) of the Code and local rule 7.3. 735 ILCS 5/2-206(a) (West 2010); Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996). We also hold that plaintiff did not improperly fail to state defendant's residence in its affidavit for service by publication because there is no evidence in the record that plaintiff knew where defendant resided.

¶ 3                                    JURISDICTION

¶ 4    On May 24, 2013, the circuit court denied defendant's motion to quash service. On June 19, 2013, defendant timely appealed. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

---

[1]Nascimento did not contest plaintiff's suit and is not a party to this appeal.

[2]Under this second issue, defendant does not allege plaintiff violated local rule 7.3. Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996).

¶ 5                                              BACKGROUND

¶ 6        Defendant and codefendant Maria Nascimento executed a promissory note with plaintiff in the amount of $535,500. The note was secured by a mortgage on the property located at the common address of 2707 West Medill Avenue, in Chicago, Illinois. On August 10, 2011, plaintiff filed a complaint to foreclose the mortgage. Plaintiff hired a private detective agency, Firefly Legal, Inc., to locate and serve defendant.

¶ 7        The record contains multiple affidavits from three Firefly Legal process servers describing their attempts to serve defendant. The process servers first attempted to serve defendant in August of 2011 at five different addresses, all located in Chicago. All of the affidavits are signed by the respective affiant and notarized. They also all state that "after due search, careful inquiry and diligent attempts *** I have been unable to effect process" before stating a reason why service was unsuccessful.

¶ 8        In an affidavit notarized on August 26, 2011, process server Beth McMaster attested that on August 8, 2011, at 8:10 p.m., she attempted service upon defendant at 4218 West Thorndale. As a reason for nonservice, McMaster stated that she "spoke to the defendant's niece who stated that the defendant will be out of town for the next month or two and that she was house-sitting while her aunt was away." The niece gave McMaster a phone number for defendant. The registration for the phone indicated defendant's address as 5701 Patterson Avenue. In a different yet similar affidavit, McMaster attested that she attempted to serve codefendant Maria Nascimento at the same address at the same time and similarly stated that she had spoken to defendant's niece, who told her that she was house-sitting for her aunt.

¶ 9        The record contains three affidavits from process server Steven Stosur regarding his attempts to serve defendant in August of 2011. In an affidavit notarized on August 19, 2011, Stosur attested that he attempted to serve defendant at 4065 North Elston Avenue at 1:58 p.m. on August 14, 2011, and at 11:17 a.m. on August 16, 2011. Stosur attested that the property was a law office and that an administrative assistant identified defendant as an owner of the property who did not live there. The administrative assistant indicated to Stosur that defendant ran a business at the address, but that it had been shut down in 2009.

¶ 10       In an affidavit notarized on August 15, 2011, Stosur attested that he attempted to serve defendant at 2707 West Medill Avenue at 3:55 p.m. on August 14, 2011. Stosur stated that he was unable to serve defendant because a resident "said the defendant is the landlord who does not live here and comes by to pick up the rent. She does not know where defendant lives." Defendant was not listed on the mailbox or doorbells.

¶ 11       Stosur attested in an affidavit notarized on August 15, 2011, that he attempted service on defendant on August 14, 2011, at 7:09 p.m. at 5701 West Patterson Avenue. Stosur stated that he spoke to a resident of the second floor of the two-flat building. The resident had not heard of defendant. The first floor of the building was vacant. Defendant's name was not listed on the mailbox or doorbell.

¶ 12       Process server Nicholas Baker attested in an affidavit notarized on August 24, 2011, that he attempted service on defendant on August 23, 2011 at 1 p.m. at 1515 West Chestnut Street. The current resident informed Baker that defendant was "unknown at this address."

¶ 13       Due to plaintiff's inability to serve defendant in August of 2011, plaintiff sought and obtained a first alias mortgage foreclosure summons on May 10, 2012. Plaintiff filed two affidavits from process server Steven Stosur showing his attempts at service on defendant in May and June of 2012 at two Chicago addresses: 2707 West Medill Avenue and 4218 West

Thorndale Avenue. In an affidavit notarized on May 30, 2012, Stosur attested that he attempted service upon defendant at 7:40 p.m. at 2707 West Medill Avenue. Stosur attested that he again spoke to a "Mrs. Williamson," who informed him that defendant does not live at the property but is the landlord and visits the property to collect rent.

¶ 14    In an affidavit notarized on June 13, 2012, Stosur attested that he attempted service upon defendant seven times between June 2, 2012, and June 8, 2012, at 4218 West Thorndale Avenue. Specifically, Stosur attested he attempted service on the following dates and times: 4:48 p.m. on June 2; 2:01 p.m. on June 4; 10:21 a.m. on June 5; and 9:46 p.m. on June 6. Stosur stated that he made three additional attempts, at 4:27 p.m., 4:28 p.m., and 6:50 p.m. respectively, on June 8, 2012. As a reason for nonservice, Stosur attested:

> "Attempts were made at this address; however no contact could be made with the defendant at this address. There is no evidence that the property is vacant. This is a townhouse. There are no names on the doorbell or mailbox. I rang the bell and knocked on the door. I cannot see inside the property. There is no access to the rear of the property."

¶ 15    On July 16, 2012, plaintiff filed an affidavit for service by publication. In the affidavit, counsel stated defendant could not be served because he could not be found upon diligent inquiry. Counsel attached an affidavit from Michelle Bibeau outlining the steps she took to find defendant utilizing various databases and searches. Bibeau stated defendant's last known address was 2707 West Medill Avenue in Chicago. Bibeau attested that she "made due and diligent search and inquiry to discover the name and/or alternative current residence of [defendant] searching public and non-public databases." Bibeau stated that despite her "diligent search and inquiry," she was unable to determine defendant's current whereabouts or his current residence. She outlined the various avenues she took in her attempts to locate defendant as follows. An "inquiry of credit information," which included defendant's social security number, revealed an address of 2707 West Medill Avenue, in Chicago. The following 10 searches, however, were unable to provide a residence or alternative address for defendant: directory assistance; driver's license; motor vehicle; voter registration; Department of State, professional license; "Nationwide Masterfile Death Search"; federal, state, and county departments of corrections; and property tax records. Accordingly, notice to defendant by publication occurred on July 18, 25, and August 1, 2012, in the Chicago Daily Law Bulletin.

¶ 16    On August 23, 2012, plaintiff filed a motion for default judgment of foreclosure and sale. On September 17, 2012, the circuit court granted plaintiff's motion, and entered a judgment of foreclosure and sale and an order of default.

¶ 17    After the sale of the property, plaintiff filed a motion for order approving the report of sale and distribution; confirmation of the sale; order for possession; and an *in rem* deficiency judgment on January 31, 2013. On February 28, 2013, the circuit court granted the motion and entered an order approving the report of sale and distribution, confirming the sale, and an order of possession and an *in rem* deficiency judgment.

¶ 18    On March 28, 2013, defendant filed an appearance and emergency motion to quash service. Relevant here, defendant argued that plaintiff's affidavits of service were improper and did not support service by publication because they were made in the passive voice, did not identify the person who attempted service upon defendant, and did not set forth with particularity the actions plaintiff took to serve him. Defendant also questioned the truth of the

affidavits based on his own affidavits that he attached to his motion. Defendant, in his affidavit, attested that during the time of service he lived at 4218 West Thorndale and worked at 4065 North Elston. He alleged his name and his wife's name were listed on the mailbox, and provided a picture of his mailbox. Defendant further attested that upon due inquiry and due diligence, plaintiff could have personally served him at either his home on 4218 West Thorndale or at his work at 4065 North Elston. Defendant also attached an affidavit from Ana Claudia Neves, who stated that she worked at the office at 4065 North Elston Avenue at the time of service. She stated it was her responsibility to answer the door and attested that, "If anyone would have rang the doorbell *** during 2011 or 2012 asking for [defendant], I would have either retrieved [defendant] from his office or told the person asking for [defendant] when he would be back in the office." She denied that she would have stated that defendant's business had closed. Accordingly, defendant argued that plaintiff failed to show due inquiry or due diligence in attempting to serve him.

¶ 19      In response, plaintiff argued that it strictly complied with the rules of service and submitted affidavits showing that upon diligent inquiry, defendant could not be located. Plaintiff disputed defendant's challenge to its affidavits, arguing that its affidavits specified and named each of the relevant process servers. Plaintiff disputed the relevance of the photographs defendant attached to its motion, noting that they were dated March 28, 2013, and not at the time of service.

¶ 20      In reply, defendant reiterated his prior arguments and added that plaintiff's affidavit for service did not speak the truth because the affidavits failed to state defendant's residence as 4218 West Thorndale.

¶ 21      A hearing occurred on May 24, 2013.[3] On that same day, the circuit court denied defendant's motion to quash service. The written order stated that "all parties present and the court being fully advised." On June 19, 2013, defendant timely appealed.

¶ 22                                                        ANALYSIS

¶ 23      Defendant raises two issues for our review. First, he argues that the affidavits plaintiff relied upon to effectuate service of process by publication upon him were passive voice recitations and do not set forth the particular actions taken to serve him. Accordingly, he argues plaintiff's affidavits do not support service of process by publication under section 2-206 of the Code (735 ILCS 5/2-206 (West 2010)) or local rule 7.3 (Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996)). Defendant relies solely on this court's decision in *Deutsche Bank National Trust Co. v. Brewer*, 2012 IL App (1st) 111213, in making this argument. Second, defendant argues that plaintiff's affidavit for service by publication does not speak the truth and does not comply with section 2-206 of the Code (735 ILCS 5/2-206 (West 2010))[4] because, despite its knowledge that defendant resided at 4218 West Thorndale, plaintiff failed to state defendant resided there in its affidavit for service by publication. Defendant did not file a reply brief before this court.

---

[3]As discussed *supra*, there is no transcript, bystanders report, or agreed statement of facts in the record for the hearing that occurred on May 24, 2013.

[4]Under this second issue, defendant does not allege plaintiff violated local rule 7.3. Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996).

¶ 24    In response, plaintiff argues it strictly complied with both section 2-206 of the Code (735 ILCS 5/2-206 (West 2010)) and local rule 7.3 (Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996)). Specifically, plaintiff argues that the affidavits it filed in the circuit court show that the affiants had personal knowledge of the multiple attempts at both serving defendant, and at trying to locate him through various methods. According to plaintiff, this court's decision in *Brewer*, 2012 IL App (1st) 111213, is distinguishable because the affidavits in this case identify the affiant and attest to the affiant's personal knowledge. Regarding defendant's argument that it knew of defendant's residence at 4218 West Thorndale, plaintiff argues that defendants' contention is not supported by the record.

¶ 25    Initially, we must make note of the record before us. The record shows that defendant's motion to quash service was fully briefed and set for hearing on May 24, 2013. Defendant, however, failed to include in the record a transcript of the May 24, 2013, proceedings, or a bystanders report, or agreed statement of facts as required by Illinois Supreme Court Rule 323 (eff. Dec. 13, 2005). The record only contains a one-page written order denying defendant's motion to quash and noting that "all parties present and the court being fully advised." As such, nothing further is in the record showing what occurred at the May 24, 2013, hearing. We do not know if the court received evidence on the issue, whether the parties presented additional evidence, or what factual findings the circuit court made. It is well established that it is the duty of the appellant to present a sufficiently complete record to support a claim of error, including presenting a transcript, or bystanders report, or agreed statement of facts. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003). "In the absence of such a record, we will not speculate as to what errors may have occurred below." *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 757 (2006). Any doubts as to the incompleteness of the record will be resolved against the appellant and we must presume that the relevant order had a sufficient legal and factual basis. *Rogers*, 204 Ill. 2d at 319; *Smolinksi*, 363 Ill. App. 3d at 757-58 ("In fact, when the record on appeal is incomplete, a reviewing court should actually 'indulge in every reasonable presumption favorable to the judgment from which the appeal is taken, including that the trial court ruled or acted correctly.' " (quoting *People v. Majer*, 131 Ill. App. 3d 80, 84 (1985))). Furthermore, when, as in this case, the court is "fully advised," our presumption of correctness is especially strong. See *Smolinksi*, 363 Ill. App. 3d at 758 (noting the circuit court order stated it was " 'fully advised in the premises' "). Accordingly, we address defendant's claims of error under this limitation.

¶ 26    Additionally, we must also make note of the standard of review we will utilize to review defendant's two claims of error. The parties agree that we should review the issues under the manifest weight of the evidence standard of review. See *Brewer*, 2012 IL App (1st) 111213, ¶ 17 ("When we review a decision on a motion to quash service of process, we must determine whether the trial court's findings of fact are against the manifest weight of the evidence."). We disagree with the parties, however, because defendant does not ask us to review the circuit court's factual findings. Defendant does not, for example, argue that the circuit court erred in resolving a factual dispute, or that his pleadings raised a factual dispute, or ask that the matter should be remanded for an evidentiary hearing. See *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 312 (1986) (noting that issues of fact created by competing affidavits were to be resolved by the circuit court); *Madison Miracle Productions, LLC v. MGM Distribution Co.*, 2012 IL App (1st) 112334, ¶ 39 (reviewing factual findings regarding personal jurisdiction under the manifest weight of the evidence standard, but legal

conclusions and the ultimate issue of personal jurisdiction *de novo*). Rather, defendant attacks the sufficiency of plaintiff's affidavits. Specifically, he focuses on the legal issue of whether plaintiff's affidavits were sufficient to support service by publication. *JPMorgan Chase Bank, National Ass'n v. Ivanov*, 2014 IL App (1st) 133553, ¶ 64 (noting *de novo* review is appropriate when reviewing only documentary evidence). Accordingly, we review the issue of whether the circuit court obtained personal jurisdiction over defendant *de novo*. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17.

¶ 27    Jurisdiction over both the subject matter and the parties is required to have a valid judgment. *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989). "Personal jurisdiction is established either by effective service of process or by a party's voluntary submission to the court's jurisdiction." *Mitchell*, 2014 IL 116311, ¶ 35. A judgment entered without jurisdiction over the parties is void and may be challenged, directly or collaterally, at any time. *Verdung*, 126 Ill. 2d at 547.

¶ 28    In actions affecting property, the Code allows for service by publication. 735 ILCS 5/2-206 (West 2010). Section 2-206(a) of the Code provides, in relevant part:

>    "[P]laintiff or his or her attorney shall file *** an affidavit showing that the defendant resides or has gone out of this State, *** so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper published in the county in which the action is pending." 735 ILCS 5/2-206(a) (West 2010).

¶ 29    The circuit court of Cook County elaborates on section 2-206 of the Code in its local rule 7.3, which provides:

>    "Pursuant to [section 2-206(a) of the Code], due inquiry shall be made to find the defendant(s) prior to service of summons by publication. In mortgage foreclosure cases, all affidavits of service of summons by publication must be accompanied by a sworn affidavit by the individual(s) making such 'due inquiry' setting forth with particularity the action taken to demonstrate an honest and well directed effort to ascertain the whereabouts of the defendant(s) by inquiry as full as the circumstances permit prior to placing any service of summons by publication." Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996).

¶ 30    The statutory prerequisites for service by publication, including due diligence and due inquiry, must be strictly complied with in order for a court to obtain jurisdiction over a defendant. *Bank of New York v. Unknown Heirs & Legatees*, 369 Ill. App. 3d 472, 475-76 (2006). "Our courts have determined that these statutory prerequisites are not intended as *pro forma* or useless phrases requiring mere perfunctory performance but, on the contrary, require an honest and well-directed effort to ascertain the whereabouts of a defendant by inquiry as full as circumstances permit." *Id.* at 476.

¶ 31    Relying solely on this court's decision in *Brewer*, 2012 IL App (1st) 111213, defendant first argues that plaintiff's affidavits were improperly made in the passive voice and do not set forth the particular actions taken to serve him. In *Brewer*, this court held that a mortgage foreclosure plaintiff failed to present affidavits based on the affiant's personal knowledge to satisfy local rule 7.3. *Id.* ¶¶ 23-26. Specifically, the affidavits from the plaintiff did not identify the affiant as the person who either attempted service or who searched the various outlets to determine the defendant's whereabouts. *Id.* ¶¶ 23-25. The *Brewer* court further

noted that affidavits made in passive voice imply that someone other than the affiant attempted service or performed the relevant searches. *Id.¶* 22.

¶ 32     After reviewing the affidavits plaintiff used in this case to justify service by publication, we hold the affidavits at issue here are easily distinguishable from the affidavits found to be insufficient in *Brewer*. Unlike in *Brewer*, the affidavits in this case specifically identified the affiant by name and outlined the steps the affiant took to either find or attempt service upon defendant. The affidavits were notarized and signed by the named affiant. The affidavits for the attempted service of the summons and complaint each named the respective process server who made the attempt at service: Beth McMaster, Steven Stosur, or Nicholas Baker. In the affidavit outlining the public and private database search, Michelle Bibeau is named as the affiant. The language of the affidavits do not indicate that someone other than the affiant attempted service, or in Bibeau's case, searched the various databases. Accordingly, after reviewing plaintiff's affidavits, we cannot say that we are left with the impression that someone other than the affiants undertook the actions stated in the affidavits.

¶ 33     We also disagree with defendant's contention that plaintiff failed to specify the steps plaintiff took to locate him. In the case of Michelle Bibeau, she identified several different databases she searched in an effort to locate defendant. Those databases included social security, directory assistance, driver's license, motor vehicle, voter registration, Department of State, "Nationwide Masterfile Death Search"; Department of Corrections, and property tax searches. The process servers, *i.e.*, Beth McMaster, Steven Stosur, and Nicholas Baker, attempted service at five different Chicago addresses: 2707 West Medill; 4218 West Thorndale; 4065 North Elston; 5701 West Patterson; and 1515 West Chestnut. At 4218 West Thorndale, where defendant later alleged he resided, plaintiff specified eight different attempts at service on six different dates. Overall, process servers employed by plaintiff made 14 attempts at service upon defendant at 5 different addresses. In each affidavit, the process servers explained the reason for nonservice as well as the time and date of each attempt. Accordingly, we hold that plaintiff showed that it made a diligent inquiry and set forth specific actions it took to determine defendant's whereabouts sufficient to justify service by publication in accordance with section 2-206(a) of the Code and local rule 7.3. 735 ILCS 5/2-206(a) (West 2010); Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996).

¶ 34     Defendant's final argument is that plaintiff's affidavit for service by publication does not speak the truth because it failed to state defendant's residence as 4218 West Thorndale in violation of section 2-206(a) of the Code. 735 ILCS 5/2-206(a) (West 2010). Defendant's argument is based on the premise that plaintiff knew he resided at 4218 West Thorndale prior to serving him by publication. He relies on process server Beth McMaster's affidavit in which she attested that on August 8, 2011, at 8:10 p.m. she attempted service upon defendant at 4218 West Thorndale. As a reason for nonservice, McMaster stated that she "spoke to the defendant's niece who stated that the defendant will be out of town for the next month or two and that she was house-sitting while her aunt was away." The niece gave McMaster a phone number for defendant and for codefendant Maria Nascimento. The registration for defendant's phone indicated defendant's address as 5701 Patterson Avenue. In a different yet similar affidavit, McMaster attested that she attempted to serve codefendant Maria Nascimento at the same address at the same time and similarly stated that she had spoken to defendant's niece who told her that she was house-sitting for her aunt. Plaintiff argues that defendant's argument is not supported by the record.

¶ 35    After reviewing the record, we disagree with defendant's contention and do not find that plaintiff affirmatively misstated defendant's residence. Rather, the record shows plaintiff, after a diligent search and inquiry, was not able to ascertain defendant's residence. A review of McMaster's affidavit shows that at no point in the affidavit does McMaster expressly state that defendant resided at 4218 West Thorndale. Rather, McMaster indicates she spoke to someone who told her she was house-sitting for her aunt. McMaster submitted a similar affidavit for codefendant Nascimento. It is unclear to whom the person McMaster spoke to is related and for whom she was house-sitting. Additionally, the phone number she gave McMaster showed defendant's address as 5701 West Patterson. Furthermore, another process server employed by plaintiff, Steven Stosur, made seven attempts at serving defendant at 4218 West Thorndale on five later dates. Stosur attested that there were not any names on the doorbell or mailbox and that he could not see or access the property. A review of Stosur's affidavits concerning 4218 West Thorndale, combined with the lack of a clear statement of defendant's residence in McMaster's affidavit, lead us to conclude that plaintiff did not know defendant resided at 4218 West Thorndale. Section 2-206 only requires a plaintiff to state a defendant's residence "if known." 735 ILCS 5/2-206(a) (West 2010). Otherwise, the affidavit must state "that upon diligent inquiry his or her place of residence cannot be ascertained." 735 ILCS 5/2-206(a) (West 2010). Therefore, the absence of a statement indicating that defendant resided at 4218 West Thorndale does not violate section 2-206(a) of the Code because such a statement is only required if the residence is known to the plaintiff. 735 ILCS 5/2-206(a) (West 2010). The record before us does not show plaintiff knew defendant resided at 4218 West Thorndale.

¶ 36                                    CONCLUSION

¶ 37    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 38    Affirmed.